James LAWRENCE L.S.P. #66555,
Petitioner-Appellee,

v.

C. Murray HENDERSON, Warden,
Respondent-Appellant,

No. 72-2553.

United States Court of Appeals,
Fifth Circuit.

June 5, 1973.

Rehearing and Rehearing En Banc
Denied July 11, 1973.

**706**

Clement Story, III, Asst. Dist. Atty., Louise Korns, New Orleans, La., for respondent-appellant.

Louis B. Merhige, New Orleans, La., for petitioner-appellee.

Before BELL and THORNBERRY, Circuit Judges, and GROOMS, District Judge.

THORNBERRY, Circuit Judge:

Appellee Lawrence was convicted in 1968 in a Louisiana court of heroin possession and sentenced to a twelve-year term of imprisonment. He petitioned the district court below for a writ of habeas corpus, which was granted conditionally.[1] The Louisiana Prison Warden appeals. Finding his five assignments of error to be without merit, we affirm.

The facts which led to the conviction are summarized in the district court's opinion:

> On January 15, 1968, James Lawrence, John Mosby, and Ella Washington were seated in Porter's, a combination bar and pool room, at 2135 Washington Avenue in New Orleans watching a game of pool. Two policemen entered and frisked Lawrence on the grounds that he fit the description of an armed robbery suspect. No contraband or weapons were found on Lawrence's person.[5] During the frisk, he was questioned by the officers who, upon learning that he was unemployed and had no money arrested him for vagrancy. Washington and Mosby were arrested on the same charge, and the three were placed in a police car for transportation to Central Lockup. Because no police matron was present at the time of arrest, Miss Washington was not searched before entering the vehicle although Mosby was.
>
> At Central Lockup Lawrence, Mosby and Washington were then booked for vagrancy. Either during or after the booking procedure one of the arresting officers searched the police car and found a narcotics "outfit" under the back seat. Since he claimed that he had seen Lawrence take the paraphernalia out of his pants and place it under the seat while the three "vagrants" were in the police car, Lawrence was additionally charged with possession of narcotics.

Lawrence v. Henderson, E.D.La.1972, 344 F.Supp. 1287, 1289–1290. Appellee attempted to subpoena as a witness in his defense Ella Washington, who would have testified that the narcotics "outfit" belonged to her rather than to appellee. The subpoena was sent to the Parish Prison where the witness was awaiting arraignment, but due to an apparent mistake it was not served. Instead, it was returned with the notation, "Subject Does Not Reside Here."

The district court granted the writ on the basis of its determinations (1) that appellee's arrest for vagrancy was made without probable cause, (2) that the narcotics paraphernalia should have been excluded from evidence at appellee's trial as the fruit of an unlawful arrest, and (3) that appellee was denied compulsory process for obtaining a witness in his favor in violation of the Sixth and Fourteenth Amendments.

---

5. As a result of the frisk in the bar, a new pair of trousers was found under Lawrence's coat but no charges were brought in connection with the pants.

---

1. When appellee applied for the writ originally, the district court ordered that he be granted an out of time appeal to the Louisiana Supreme Court in order to permit the state court to rule first on the constitutional issues presented. Lawrence v. Henderson, E.D.La.1970, 318 F.Supp. 230. After the Louisiana Supreme Court affirmed appellee's conviction, State v. Lawrence, 1971, 260 La. 169, 255 So.2d 729, he again applied to the district court, which ordered this time that the writ would issue unless the state chose to vacate the conviction and retry appellee within forty-five days. Lawrence v. Henderson, E.D.La.1972, 344 F.Supp. 1287.

On appeal appellant contends that the district court erred (1) in failing to rule that appellee's objection to the admission of the narcotics paraphernalia was untimely, (2) in failing to determine that the discovery of the new pair of pants in appellee's possession supplied probable cause for his arrest, (3) in failing to overturn Mapp v. Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (4) in failing to rule that appellee's abandonment of the "outfit" in the police car deprived him of standing under the Fourth Amendment to challenge its admission into evidence, and (5) in concluding that appellee was denied compulsory process to secure a witness in his defense.

Appellant's first contention—that appellee's challenge to the admission of the narcotics paraphernalia into evidence came too late—is an argument that the district court should not have considered the constitutional validity vel non of the seizure because the admission of the evidence rested on an adequate independent state procedural ground. Appellee made a pretrial motion to suppress, but that motion was not aimed at the narcotics paraphernalia; only after the trial was in progress did he object to the admission of the "outfit" into evidence:

> The defendant here made only one motion to suppress, an oral motion, which sought only to suppress evidence having no connection with this offense. This motion therefore in no respect addressed itself to the narcotics evidence to which the defendant objected when it was proffered at the trial. He did not move to suppress the narcotics paraphernalia; he simply objected, after predicate and foundation had been laid, to the admissibility of these articles as evidence at his trial before the jury. The defendant's objection under these circumstances came too late to raise the issue of an unconstitutional search and seizure.

State v. Lawrence, 1971, 260 La. 169, 255 So.2d 729, 731–732. Since the Louisiana Supreme Court approved the overruling of appellee's objection on the theory that it was untimely, State v. Lawrence, *supra*, 255 So.2d at 732, we will assume that the state trial court's original ruling was also made on this basis.

■ If a state evidentiary ruling rests on adequate independent state procedural grounds, the federal courts will not go beyond these grounds to reach the constitutional issues; but "the question of when and how defaults in compliance with state procedural rules can preclude our consideration of a federal question is itself a federal question." Henry v. Mississippi, 1965, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, rehearing denied 380 U.S. 926, 85 S.Ct. 878, 13 L. Ed.2d 813. To be "adequate" to preclude review of the federal question, the state procedural requirement with which a defendant has failed to comply must be one which "serves a legitimate state interest." *Id.*, 379 U.S. at 448, 85 S.Ct. at 567. We have no doubt that the rule requiring that motions to suppress be made before the beginning of a trial does serve a legitimate state interest. A similar rule obtains in the federal courts, Fed.R.Crim.P. 41(e), and where a defendant fails to make the motion before trial as required, the district court has discretion to refuse to entertain it at trial. *See, e. g.,* Rosen v. United States, 5th Cir. 1961, 293 F.2d 938. As summarized by the Louisiana Supreme Court, the purposes of the rule are:

> to eliminate from the trial before the jury all disputes over police conduct unrelated to the guilt or innocence of the accused; to avoid unwarranted delay of the trial and confusion of the jury; to spare the State as well as the defense the expense of a useless trial in cases where a purely legal determination by the judge alone is required; to avoid the necessity of declaring a mistrial because the jury has been exposed to unconstitutional evidence, with resulting repetitive litigation; and to afford the State and the accused advance knowledge of the rules of evidence which must be followed during the course of the trial.

State v. Lawrence, *supra,* 255 So.2d at 732; *see also* Jones v. United States, 1960, 362 U.S. 257, 264, 80 S.Ct. 725, 732, 4 L.Ed.2d 697.

■ Our determination that the rule generally serves a legitimate purpose does not, however, finally answer the question whether non-compliance in a given case furnishes an "adequate" state ground. In Henry v. Mississippi, *supra,* the Supreme Court, while recognizing the validity of the Mississippi contemporaneous-objection rule, held it necessary to inquire further whether the purpose of the rule was "substantially served" by the petitioner's untimely motion in that case. 379 U.S. at 448, 85 S.Ct. at 568. Thus, we should determine in each particular case whether the procedural default committed defeated the purpose of the rule.

■ In the instant case, the question becomes whether the purpose of the rule requiring that motions to suppress be made before trial when possible was substantially served by appellee's contemporaneous trial objection. We are persuaded that it was. The facts surrounding appellee's arrest upon which the motion was based were well developed in the pre-trial suppression hearing, even if that motion was not aimed at the narcotics paraphernalia to whose admission appellee later objected. A ruling on the basis of the facts already developed at the suppression hearing would not have required delay or interruption of the trial. Appellant has not argued, and the record does not suggest, that appellee's failure to move to suppress earlier resulted from a strategic decision or intentional by-passing of the rule. Under these circumstances the denial of appellee's later objection on the basis of untimeliness cannot be said to rest on an independent state ground adequate to preclude review of the federal question involved by the federal courts. In the absence of an intentional default strict application of the procedural rule by a trial court to refuse to consider a motion to suppress is generally inappropriate in a case such as this one where the challenged evidence constitutes virtually the whole case against the defendant; refusal to consider the motion deprives defendant of what may often be his only defense. The procedural rule should not be administered to compel an injustice. *Cf.* Jones v. United States, *supra,* 362 U.S. at 264, 80 S.Ct. at 733.

■ Appellant's second argument— that appellee's arrest was based on probable cause—does not challenge the district court's determination that no probable cause existed to arrest appellee for vagrancy, but contends that the police officers' discovery of the new pair of pants in Lawrence's possession supplied the probable cause to arrest for theft or receiving stolen property. Possession of new uncuffed trousers still bearing the store label may have aroused the officers' suspicion, but we agree with the district court that it did not amount to probable cause in itself or in combination with the other information known to the arresting officers.

Appellant's contention that the district court should have overruled Mapp v. Ohio, *supra,* is patently frivolous and needs no discussion.

■ Since we find no error in the district court's determination that appellee was arrested in violation of his Fourth Amendment rights, appellant's abandonment argument must also fail. If it is assumed that Lawrence possessed the narcotics paraphernalia at one time, the facts make clear that the illegal arrest prompted him to conceal it in the police vehicle. Under such circumstances it cannot be said that Lawrence voluntarily abandoned the "outfit." Fletcher v. Wainwright, 5th Cir. 1968, 399 F.2d 62.

Because we think it clear that appellee's arrest was invalid and that admission of the "outfit" into evidence against him was constitutional error, we find it unnecessary to consider the compulsory-process issue.

The judgment of the district court is therefore

Affirmed.