UNITED STATES, Appellee,

v.

William D. ROBINSON, Private First Class, United States Army, Appellant.

No. 35194.
CM 435354.

U. S. Court of Military Appeals.

Jan. 2, 1979.

For Appellant—*Captain James J. Parwulski* (argued); *Colonel Robert B. Clarke* (on brief); *Major Benjamin A. Sims* (on brief); *Captain D. David Hostler* (on brief); *Captain Michael P. LaHaye* (on brief).

For Appellee—*Captain Brian X. Bush* (argued); *Colonel Thomas H. Davis* (on

brief); *Lieutenant Colonel R. R. Boller* (on brief); *Major Steven M. Werner* (on brief).

#### Opinion of the Court

COOK, Judge:

Appellant was convicted by a general court-martial, composed of members, of the possession of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. We granted review to determine whether the military judge erred by denying appellant's motion to suppress evidence [1] and whether the evidence is sufficient to sustain the findings of guilty.

Staff Sergeant Winiesdorffer, a military police investigator, testified that he was making "spot checks" of individuals entering the Storck Barracks. He described this procedure as a consent search because such individuals were given a document which advised them they could avoid the search by leaving the Kaserne. Appellant entered the installation with a companion and the witness attempted to gain their attention by calling to them. They turned and ran, but stopped when the witness whistled and called out, "Hey fellas." He proceeded toward them, but appellant ran out the gate. Winiesdorffer pursued him, calling upon him to halt. At some point during the incident Sergeant Winiesdorffer drew his weapon. During the chase, the sergeant observed pieces of paper coming from appellant's pockets. When appellant slipped and fell, he was apprehended. A search of the area where appellant had fallen revealed a substance which was subsequently identified as heroin.

Winiesdorffer had met the appellant prior to the incident at the gate and appellant was aware he was a military policeman. Additionally, Winiesdorffer had been previously informed by a military policeman that appellant was "connected with dealings of heroin." He testified that he suspected the appellant ran out the gate because he was then in possession of some type of drug.

Trial defense counsel asserted that evidence of the recovery of heroin was inadmissible because it was a product of an illegal apprehension. However, the military judge ruled the property had been abandoned; he did not rule on the legality of the apprehension.

Appellant submits that assuming the sufficiency of the evidence to support a finding that he had cast away the heroin, his action was the product of an attempt to conduct an unconsented search of his person. That position is different from the contention at trial that the evidence was the product of an illegal apprehension. Indeed, the evidence indicates that appellant could have avoided any search of his person by leaving the area. *See United States v. Unrue*, 22 U.S.C.M.A. 466, 47 C.M.R. 556 (1973). For purposes of this appeal, however, we pass over the question whether the appellant waived any objection to the search procedure at the gate and we treat the issue, as did trial defense counsel, as one of the legality of appellant's apprehension. *See generally United States v. Rivera*, 4 M.J. 215 (C.M.A.1978).

If appellant discarded articles in reaction to illegal police conduct, this did not deprive him of the right to object to the illegitimacy of the police action and to assert its effect in the acquisition of evidence against him. *Lawrence v. Henderson*, 478 F.2d 705 (5th Cir. 1973); *Fletcher v. Wainwright*, 399 F.2d 62 (5th Cir. 1968); *Williams v. United States*, 99 U.S.App.D.C. 161, 237 F.2d 789 (1956). The crucial question is whether a nexus exists between improper police conduct and the discard of articles by appellant. *See United States v. Maryland*, 479 F.2d 566 (5th Cir. 1973). Thus, we turn first to whether the apprehension of appellant was based on probable cause.

The Government asserts that four factors are determinative of the issue. These are: appellant's unprovoked flight; his failure to obey the "order" to halt; his

---

1. We have treated the appellant's motion to suppress as an objection to the admissibility of the evidence. *See* para. 152, Manual for Courts-Martial, United States, 1969 (Revised edition).

discard of the contents of his pockets during the chase; and the military investigator's prior knowledge that appellant was involved with drugs. All these factors bear upon probable cause only if they occurred before the apprehension was accomplished. *See Henry v. United States,* 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). Government counsel perceive Sergeant Winiesdorffer's "order" to appellant to halt as merely an effort either to investigate or to "stop and frisk," police conduct that is justifiable on something less than probable cause. *See Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). They reason that the subsequent discarding of the items was a proper factor in evaluating the requisite probable cause for the apprehension. Indeed, the discarding of items in response to a legitimate police investigative stop may be used to establish probable cause. *See United States v. Embry,* 546 F.2d 552 (3rd Cir. 1976), *cert. denied* 430 U.S. 948, 97 S.Ct. 1587, 51 L.Ed.2d 797 (1977); *United States v. Colbert,* 474 F.2d 174 (5th Cir. 1973); *United States v. Martin,* 386 F.2d 213 (3d Cir. 1967), *cert. denied* 393 U.S. 862, 89 S.Ct. 142, 21 L.Ed.2d 130 (1968). However, we do not view the evidence in the same light. The "stop and frisk" exception is limited; and what occurred here is, in respect to the discard of articles, not within its scope. The police officer testified he believed appellant ran out the gate because he possessed some kind of prohibited drug. His testimony clearly implies his pursuit of appellant was not to investigate further the possibility of possession of contraband, but to apprehend the appellant and search his person for such matter. We conclude, therefore, that appellant's discard of items was, in the circumstance of the pursuit, not a proper factor in determining whether probable cause existed to apprehend appellant for possession of contraband.

Eliminating the justification of "stop and frisk" leaves the fact that appellant ran from a military investigator rather than stop on his order to submit to a search and the fact that the investigator had some prior knowledge that appellant was connected with drugs. As to appellant's prior connection with drugs, we note that Sergeant Winiesdorffer offered no specific incident of such connection and he did not claim to have information connecting appellant to possession of drugs at the time of his confrontation with him. Thus, the sergeant's determination to apprehend appellant appears to be based solely on the fact that appellant ran from the area. The witness conceded at trial that appellant could have avoided any search of his person by refusing to consent to such a search and walking away from the area. A refusal to consent to a search is not sufficient to establish probable cause. While flight from a police officer is a proper factor in evaluating the requisite probable cause for an apprehension, standing alone, it is insufficient, for there are too many innocent explanations for such flight. *Wong Sun v. United States,* 371 U.S. 471, 483 n. 10, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *see Hinton v. United States,* 137 U.S.App.D.C. 388, 424 F.2d 876, 879 (1969). We, therefore, hold that probable cause for apprehension was not established, and the articles obtained in exploitation of the apprehension were improperly admitted into evidence over defense objection. As there is no other evidence of guilt available to the Government, termination of the proceedings is appropriate.

The decision of the Court of Military Review is reversed, and the Charge and its specification are ordered dismissed.

Chief Judge FLETCHER and Judge PERRY concur.