UNITED STATES

v.

**Airman First Class Mark H. BRITTING, FR 064–56–3183, United States Air Force.**

**ACM S24725.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 Feb. 1979.

Decided 22 Aug. 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Wade B. Morrison.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., Lieutenant Colonel James P. Porter and Captain James R. Van Orsdol.

Before EARLY, HERMAN and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

A military judge sitting as special court-martial convicted the accused, contrary to his pleas, of possession of marijuana and cocaine, and possession of lysergic acid diethylamide (LSD) and methamphetamine, in violation of Articles 92 and 134, respectively, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months, forfeiture of $200 per month for four months and reduction to the grade of airman basic.

Appellate defense counsel urge that the evidence against the accused, the marijuana and drugs found in his room, was the product of an illegal search. The evidence relating to the discovery of the drugs is set out below.

In the course of a valid health and safety inspection of Building 401, Sergeant Queen, first sergeant, accompanied by the dormitory manager, knocked upon, and was admitted to the accused's room. Upon entering, Sergeant Queen detected an odor, which on the basis of his previous experience, he believed to be marijuana. He asked the accused, "What's going on in here?" The accused replied that he had been watching television. Then, noting the presence of a heater of the type prohibited by base safety regulations, Sergeant Queen told the dormitory manager to obtain a hand receipt so

the heater could be removed and stored elsewhere. The dormitory manager departed. Sergeant Queen stood in the room for several minutes, then walked to a night stand and "for no reason" picked up a film canister and looked in it. He saw a "brown powder-like" substance in it. As he was looking at the canister, he noticed some marijuana seeds on the carpet. While picking up the seeds he saw a plastic bag between the night stand and the wall. He picked up the bag and found that it contained a brown dusty substance.

Sergeant Queen asked the accused if he could take the items he had seen. The accused hesitated and said he had better see a lawyer. Taking nothing with him, Queen departed to call his commander. The commander told Queen to secure the room and that he would notify the security police. Returning to the room, Queen ordered the accused, and his roommate who had been asleep, out of the room, and had the room secured.

Shortly thereafter, two security policemen arrived, and after being apprised of the situation, contacted the deputy base commander, who had been duly delegated to authorize searches. The security police related the information to the deputy base commander, and he gave verbal permission to search the room and the person of the accused.

The search pursuant to the authorization revealed the items previously discovered by Sergeant Queen, as well as other marijuana and drugs, which were eventually introduced over vigorous defense objections.

■ In the military, an intrusion into premises without a warrant or search authorization is justified if the intrusion is a valid inspection to maintain the health, welfare or safety of the military unit and its members. *United States v. Lange*, 15 U.S. C.M.A. 486, 35 C.M.R. 458 (1965); *United States v. Moykkynen*, 1 M.J. 978 (N.C.M.R. 1976), pet. denied, 2 M.J. 167 (C.M.A.1976).

■ Under the plain view doctrine, law enforcement agents may seize items of con-

traband which inadvertently come into view while the agents are lawfully searching in connection with another crime or while the agents are otherwise lawfully at the place where the items are viewed. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *United States v. Burnside*, 15 U.S.C.M.A. 326, 35 C.M.R. 298 (1965). In such circumstances, law enforcement agents may take full cognizance of information apparent to their senses. *Harris v. United States*, supra; *United States v. Hessler*, 4 M.J. 303 (C.M.A.1978).

The evidence establishes that Sergeant Queen was in the room in the course of a valid health and safety inspection. He could, therefore, take cognizance of things apparent to his senses. *United States v. Burnside*, supra. It further shows that he was qualified to recognize the smell of burning marijuana and that the smell was apparent to him when he entered the accused's room. The marijuana seeds were in plain view on the carpet and the plastic bag came into view when he bent down to pick up the seed. The contents of the film canister were not inadvertently viewed by Sergeant Queen, but their discovery required a "search" into the film canister. This "search" was unlawful and the drugs discovered in the canister were improperly considered by the deputy base commander in deciding probable cause. *Coolidge v. New Hampshire*, supra.

Thus, when he authorized the search of the accused's room, the deputy base commander had before him information that had been lawfully acquired as well as an item of information, the contents of the film canister, that was illegally acquired. In this instance the validity of the authorization to search depends on whether the untainted information, considered by itself, establishes probable cause to issue the authority to search. *United States v. Marchand*, 564 F.2d 983 (2 Cir. 1977); *United States v. Koonce*, 485 F.2d 374 (8th Cir. 1973); *James v. United States*, 135 U.S. App.D.C. 314, 418 F.2d 1150 (D.C. Cir. 1969).

We find that the lawfully acquired evidence provided the deputy base commander was sufficient, independent of the illegally seized evidence, to establish probable cause to issue the authorization to search. *United States v. Hessler*, supra. Therefore, the search of the accused's room, pursuant to that authority, was lawful.

The foregoing analysis does not cure the fact that the accused was convicted of possessing the contents of the film canister in addition to the greater amount of legally discovered marijuana. However, comparing the minute amount of marijuana residue in the film canister to the total quantity alleged in the specification, we find the error to be harmless beyond a reasonable doubt. *United States v. Ward*, 1 M.J. 176 (C.M.A.1975).

The remaining assignments of error are without merit. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and HERMAN, Judge, concur.