**UNITED STATES, Appellee,**

v.

**Specialist Four Max AUDAIN, SSN 261–33–1076, United States Army, Appellant.**

**CM 439407.**

U. S. Army Court of Military Review.

3 Dec. 1980.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Lawrence D. Galehouse, JAGC, and Captain Alan W. Schon, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Robert B. Williams, JAGC, and Captain Margaret R. LaFrance, JAGC, were on the pleadings for appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

GARN, Judge:

The appellant was convicted of violating a lawful general regulation by possessing a hypodermic syringe with a needle attached, wrongful possession of heroin, and wrongfully striking two female soldiers, in violation of Articles 92, 134, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934 and 928, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

The heroin the appellant was convicted of wrongfully possessing was discovered by the company executive officer during the course of an inspection of the appellant's room. The inspection, which had been ordered by the company commander, was solely for the purpose of ascertaining the cleanliness and orderliness of the barracks rooms and the contents of the lockers and drawers in those rooms. The authorization did not extend to inspecting to determine whether or not there were drugs in the barracks. The inspection was conducted in the absence of the occupants of the barracks who, at the time of the inspection, were performing their normally assigned duties.

While the executive officer was inspecting the appellant's room, a sergeant who was assisting him discovered a syringe with a needle attached in a drawer of the appellant's chest of drawers. The sergeant showed the syringe and needle to the executive officer. The executive officer noticed that there was a film canister which appeared to contain a liquid substance next to the syringe. Based on his previous experience with drug abusers, the executive officer concluded that other drug user paraphernalia would be located near the syringe and canister. He opened a small purse that was next to the syringe and canister and found a shoe polish can lid which contained heroin.

The appellant objected to the admission of any evidence found as a result of the executive officer's opening and looking into his purse on the basis that the executive officer's actions violated his Fourth Amendment rights to be secure from an unreasonable search. The military judge overruled the appellant's objection, apparently on the basis of his conclusion that the executive officer's opening and looking into the appellant's purse should be characterized as a permissible inspection rather than a search. Before us, the appellant renews his argument that the executive officer's opening and looking into his purse amounted to an unauthorized search. The Government argues that those actions were part of an authorized inspection.

We are satisfied that the inspection was lawful, and that the sergeant's and executive officer's looking into the appellant's drawer was within the scope of the authorized inspection. Had the lid containing the heroin been in plain view in the drawer, its discovery would not have impinged on the appellant's Fourth Amendment rights even though the executive officer's objectives had changed from simply ascertaining cleanliness and orderliness to include looking for evidence of criminal activity. *United States v. Grace*, 19 U.S.C.M.A. 409, 42 C.M.R. 11 (1970); *United States v. Britting*, 7 M.J. 978 (AFCMR 1979). The lid was not in plain view, however. The scope of the authorized inspection was limited to ascertaining cleanliness and orderliness. We are unable to discern any reasonable relationship between ascertaining the cleanliness and orderliness of the contents of the appellant's drawers and opening and looking into his small purse. *Cf. United States v. Grace, supra* (examination of appellant's locker no more extensive than others being inspected). Because the examination of the appellant's purse was not authorized by the inspection order, it cannot be justified on the basis of being part of a lawful inspection. *United States v. King*, 2 M.J. 4 (CMA 1976).

The appellant had a reasonable expectation of privacy with respect to the contents of his purse, and, absent exigent circumstances, authorization from an impartial official empowered to authorize searches should have been sought before the purse was opened. *See Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); *United States v. Ross* (D.C.Cir. 1980); 27 Crim.L.Rep. (BNA) 2169. The executive officer, especially under the circumstances, was not a proper official to authorize his own search. Paragraph 152, Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Ezell*, 6 M.J. 307 (CMA 1979). Moreover, because there were two officials in the room, and no one else in the area, there was no exigent circumstance requiring opening the purse before authority for that intrusion was obtained, even assuming the requirements for probable cause had been fulfilled.

We have concluded, therefore, that the executive officer's opening and looking into the appellant's purse violated the appellant's Fourth Amendment rights. The evidence obtained as a result of that unconstitutional intrusion should not have been admitted in evidence against him. Without that evidence, there cannot be any basis for his conviction of wrongfully possessing heroin.

The findings of guilty of Charge II and its specification are set aside and that charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to Private E—1.

Senior Judge JONES and Judge LEWIS concur.