UNITED STATES, Appellee,

v.

Alexander M. SANCHEZ, Private (E–1),
United States Army, Appellant.

No. 37,809.

SPCM 13687.

U. S. Court of Military Appeals.

March 2, 1981.

*For Appellant: Captain Robert L. Galla-way* (argued); *Colonel Edward S. Adam-kewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Charles A. Byler* (on brief); *Major Lawrence J. Sandell.*

*For Appellee: Captain Rexford T. Bra-gaw III* (argued); *Colonel R. R. Boller, Major Ted B. Borek* (on brief); *Major David McNeill, Jr., Captain Stephen D. Smith.*

## OPINION OF THE COURT

COOK, Judge:

Contrary to his pleas, a special court-martial with members convicted appellant of assault with a means likely to produce grievous bodily harm; possession of marihuana; and disorderly conduct (two specifications), in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934, respectively. He was sentenced to a bad-conduct discharge and confinement at hard labor for 6 months. The findings and sentence were approved by the convening authority and his action was affirmed by the United States Army Court of Military Review. We granted review to determine if a pipe and laboratory report were properly admitted into evidence.

Trial defense counsel objected to the admissibility of these items on the basis that the pipe was "seized without probable cause." The laboratory report, which reflected that the pipe contained a quantity of marihuana, was a product of the seizure of the pipe. Counsel's objection was overruled and the items were admitted into evidence.

Appellant's platoon sergeant, Sergeant First Class Leedy, testified that he was walking by an open barracks window when he observed the appellant and a Private Thomas, who were inside the barracks. He noted that appellant "was lighting up a bowl," which he described as "a metallic bowl, pipe like deal." Upon entering the barracks, Sergeant Leedy told the barracks orderly to follow him and he proceeded toward appellant and Private Thomas. The barracks was an "open bay type" and Sergeant Leedy walked down the center corridor. When he "turned the corner" toward appellant, Private Thomas yelled, "Watch it." Sergeant Leedy took the pipe from appellant and escorted both the appellant and Private Thomas to the orderly room. He explained that he seized the pipe because he believed it contained marihuana. He reached that conclusion because he knew the appellant did "not normally smoke a pipe," and the pipe was the type used to smoke marihuana. Also, Sergeant Leedy stated that appellant had previously told him that he had "dealt" with controlled substances.

We hold that the military judge properly overruled the defense objection.

■ Sergeant Leedy could properly seize the pipe in question if he was lawfully in the area where the pipe was viewed and he had probable cause to believe the pipe contained contraband. *United States v. Burnside*, 15 U.S.C.M.A. 326, 35 C.M.R. 298 (1965); *United States v. Britting*, 7 M.J. 978 (A.F.C.M.R.1979). *Accord*, Mil.R.Evid. 316(d)(4)(C), Manual for Courts-Martial, United States, 1969 (Revised edition), ch. XXVII. *See generally United States v. Hessler*, 4 M.J. 303 (C.M.A.1978), opinion on reconsideration, 7 M.J. 9 (C.M.A.1979). Neither a warrant nor an authorization is required to seize items under the "plain view" doctrine. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). Appellant submits on appeal, as he did at trial, that the viewing of the pipe did not establish the requisite probable cause. We disagree.

■ Appellant asserts that his act of lighting the pipe did not reflect any criminal conduct because he could have been lighting a pipe of tobacco. No doubt the lighting of a pipe would be insufficient to establish probable cause under some circumstances; however, appellant's argument focuses too narrowly on this sole fact. Sergeant Leedy testified that appellant had admitted he had "dealt" with controlled substances in the past. Thus, Sergeant Leedy's prior knowledge of appellant's previous connection with contraband was much more specific than that involved in *United States v. Robinson*, 6 M.J. 109 (C.M.A.1979). Sergeant Leedy stated he was aware that appellant did not normally smoke a pipe, and he noted that the pipe was the type normally used to smoke marihuana. An examination of a picture of the pipe that is attached to the record as an exhibit reflects that the pipe was distinctively unusual. We believe that Sergeant Leedy properly relied upon information previously known to him. *See United States v. Gamboa*, 23 U.S.C.M.A. 83, 48 C.M.R. 591 (1974); *United States v. Jeter*, 21 U.S.C.M.A. 208, 44 C.M.R. 262 (1972).

Additionally, Sergeant Leedy's entrance into the barracks produced a response from appellant's companion ("watch it") that could be viewed as incriminatory. The record is unclear as to whether Sergeant Leedy had made a decision to seize the pipe prior to Private Thomas' response. However, we need not resolve the question of whether this factor could also be used in evaluating the reasonableness of the Sergeant's actions (*see generally United States v. Gillis*, 8 M.J. 118 (C.M.A.1979), and *United States v. Robinson, supra*), as we are satisfied that the existence of the requisite probable cause was established before the uttering of the response.

Finally, appellant submits that *United States v. Thomas*, 16 U.S.C.M.A. 306, 36 C.M.R. 462 (1966), requires reversal of his conviction. Again, we disagree with appellant. In *Thomas*, the Court held that a law officer improperly admitted a medicine bot-

tle and its contents into evidence. We observed that the person who seized the bottle "did not even testify" that "he suspected" the bottle contained contraband and "[a]ll that was shown on this record was a sleeping accused holding a medicine bottle in his hand." *Id.* at 308, 36 C.M.R. at 464. Here Sergeant Leedy not only testified that he believed the pipe contained marihuana, but he also inventoried the factors giving rise to his belief. We hold that these factors would justify a prudent man in reaching the same conclusion as Sergeant Leedy. *See United States v. Ness,* 13 U.S.C.M.A. 18, 32 C.M.R. 18 (1962). As we hold the seizure, itself, was based on probable cause, we need not resolve the question of whether, the seizure was incident to an apprehension. *Compare Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), *with United States v. Kinane,* 1 M.J. 309 (C.M.A.1976).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.