UNITED STATES, Appellee,

v.

Private First Class Carl ATKINS, SSN
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, United States
Army, Appellant.

CM 443452.

U.S. Army Court of Military Review.

23 Feb. 1984.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel William P. Heaston, JAGC, Captain Harry L. Williams, Jr, JAGC, and Captain Michael D. Graham, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Patrick M. Flachs, JAGC, and Captain Robert L. Erickson, Jr, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

The principal issue before us in this case is whether a portable generator was unlawfully seized from appellant's residence as the result of an unlawful search.

The generator was found in the garage of appellant's off-post residence by two civilian police officers who had come onto appellant's property without a warrant. The attention of the civilian police was initially attracted to appellant's property by the sound of a loud motor which the civilian police heard while driving down the street in front of appellant's house. The civilian police stopped because they had had several noise complaints from the neighborhood. From their patrol car they determined that the motor noise was coming from behind the closed front doors of appellant's garage.

Fearing that someone was in a vehicle inside a closed garage with the motor running and thus in danger of carbon monoxide poisoning, the civilian police walked onto appellant's property toward the garage to investigate. When they reached the garage, they found an open side door through which they observed a generator marked "U.S. Army," with a serial number and a unit identification number.

The civilian police communicated this information concerning the generator to military police authorities who determined that the generator belonged to the United States, that it was missing from the unit to which it had been issued, and that no one had been given authority to take it. Based on these determinations the civilian police seized the generator and later released it to military police authorities who came to the scene to cooperate in the investigation. Evidence derived from the observations of the civilian police (*i.e.,* testimony describing the generator, its location and the markings painted on it) and from the generator itself (*i.e.,* photographs of the generator, taken after it was seized) was admitted at appellant's trial. This evidence furnished the basis for appellant's conviction, contrary to his plea, of wrongful appropriation of the generator in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1976). Based on these findings of fact, we hold that the contested evidence was properly admitted.

■ The testimony of the civilian police concerning their observations of the generator and its markings was admissible under the emergency doctrine. Military Rule of Evidence 314(i) provides:

In emergency circumstances to save life or for a related purpose, a search may be conducted of persons or property in a good faith effort to render immediate medical aid, to obtain information that will assist in the rendering of such aid, or to prevent immediate or ongoing personal injury.

*See United States v. Smeal,* 23 U.S.C.M.A. 347, 49 C.M.R. 751 (1975). The civilian police lawfully entered appellant's property to conduct a search for the purpose of preventing a present threat of serious personal injury or death. They were engaged in this function when they observed the generator and its markings. Their assessment of the immediate life-threatening nature of the situation was made in good faith and was reasonable under the circumstances.[1]

■ The photographs of the generator were admissible under the plain view doctrine. The information gained from the initial observation of the generator by the civilian police, coupled with the information obtained from military police authorities as to the status of the generator, constituted probable cause to seize the generator. Mil. R.Evid. 316(b).[2] Having uncovered an apparent crime while lawfully present on appellant's property, the civilian police were entitled to remain to investigate. The legitimate presence of the civilian police at the time of the seizure and the discovery of the generator in plain view, also at a time when the civilian police were legitimately present, made a warrant for the seizure unnecessary where probable cause existed. *United States v. Sanchez,* 10 M.J. 273 (C.M. A.1981).[3]

1. We comment on the element of reasonableness because we wish to express no opinion regarding a search conducted under Mil.R.Evid. 314(i) where subjective good faith is present but which involves an objectively unreasonable assessment of the requirement for emergency measures.

2. "Probable cause to seize property or evidence exists when there is a reasonable belief that the property or evidence is ... evidence of a crime.... Before a person may conclude that probable cause to seize property is present, the

person must first have a reasonable belief that the information giving rise to the intent to seize is believable and has a factual basis." Mil.R. Evid. 316(b).

3. The entry of the military police authorities onto appellant's property to cooperate in the civilian police investigation made their presence equally as legitimate as that of the civilian police. Thus, if the military police authorities had seized the generator, the same result would obtain. *United States v. Sanchez, supra.*

The remaining assignment of error concerning the adequacy of the post-trial review is without merit.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge COHEN concur.