561 So.2d 23 (1990)
Michael Wayne HILL, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2919.
District Court of Appeal of Florida, Third District.
May 15, 1990.
Bennett H. Brummer, Public Defender, and Kim I. Feigin, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and GODERICH, JJ.
*24 PER CURIAM.
The trial court erred in denying defendant's motion to suppress because the police officers involved did not have the founded suspicion of criminal activity necessary to justify an investigatory stop. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); e.g., Carter v. State, 454 So.2d 739 (Fla.2d DCA 1984). The fact that the defendant was standing in the roadway at 5:00 A.M. in a high crime residential area and that he walked away into the darkness upon seeing the approaching police car, Cobb v. State, 511 So.2d 698 (Fla. 3d DCA 1987), did not provide police more than a bare hunch that criminal activity was afoot. E.g., Carter, 454 So.2d at 739. Neither was this a consensual citizen/police encounter since one officer involved testified that his partner advised the defendant to stop and to approach them. The officer further testified that the defendant was not free to leave. See, e.g., State v. Davis, 543 So.2d 375 (Fla. 3d DCA 1989). Thus, the evidence seized as a result of the unlawful detention should have been suppressed.
Reversed.