565 So.2d 860 (1990)
Maurice Chevalier McCOY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-03007.
District Court of Appeal of Florida, Second District.
August 10, 1990.
James Marion Moorman, Public Defender, and Andrea Steffen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
We affirm the trial court's denial of defendant's motion to suppress cocaine found after a stop, arrest, and search of defendant.
Defendant was arrested after a police officer observed him and several other persons standing together in an area known by the officer for drug transactions. The officer had personally made 40 to 50 drug arrests in that area. As the officer approached, defendant and the other persons *861 fled. As defendant fled, the officer saw him drop an object which, from its size and color, appeared to be rock cocaine. The officer, having been involved in a prior narcotics arrest of defendant, stopped defendant and retrieved the object. He then arrested defendant. The officer did not have with him the means by which to test whether the object was actually cocaine.
Defendant was searched at the police station after his arrest. A plastic bag taken from his right shoe contained residue which tested positive for cocaine. The object the officer retrieved prior to defendant's arrest tested negative for cocaine.
Defendant properly concedes that the officer had a reasonable suspicion of criminal activity which justified an investigatory stop. See State v. Pye, 551 So.2d 1237 (Fla. 1st DCA 1989). However, defendant argues that the officer did not have probable cause for the arrest and that therefore the search incident to his arrest was unlawful. We disagree and conclude that the officer had probable cause to arrest defendant.
"Probable cause is evaluated from the viewpoint of a prudent cautious police officer on the scene at the time of the arrest." State v. Riehl, 504 So.2d 798, 800 (Fla. 2d DCA 1987), review denied, 513 So.2d 1063 (Fla. 1987). "It is axiomatic that hindsight may not be employed in determining whether a prior arrest or search was made upon probable cause." 1 W.R. LaFave, Search and Seizure § 3.2(d) (2d ed. 1987). "An otherwise valid arrest or search is not rendered illegal by the fact that it turns out that the arrestee is innocent... ." Id. See also United States v. Covelli, 738 F.2d 847 (7th Cir.1984), cert. denied, 469 U.S. 867, 105 S.Ct. 211, 83 L.Ed.2d 141 (1984) (arrest for passing counterfeit bill lawful notwithstanding bill turned out to be legitimate).
Affirmed.
RYDER, A.C.J., and CLAIRE K. LUTEN, Associate Judge, concur.