575 So.2d 285 (1991)
Willie HUNTLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1441.
District Court of Appeal of Florida, Fifth District.
February 21, 1991.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
At approximately 6 p.m. on January 8, 1990, in a "very high drug area" of Orlando, a uniformed officer in a marked police car observed the defendant standing close to a young black male who was holding out his right palm in a cupped position. The officer observed for twenty to thirty-five seconds that defendant was "going in and out of [the young black male's] hand picking something up." He then saw defendant "exchange a piece of paper" which the officer "thought might have been money", even though he could not see whether it was green. This situation "appeared" to the officer "as a drug transaction" and he started walking up to "find out what was going on." As he approached, he yelled "stop", whereupon the youth ran inside the adjacent building and defendant "took off running on foot." The officer chased defendant "to conduct an investigation." As he ran, defendant fell to the ground. The officer jumped on the defendant to subdue him. Defendant stood up with the officer on his back and tried to push the officer off. The officer then "conducted a head restraint", whereupon defendant grabbed the officer's testicles. The officer concluded he was losing the physical contest and began to tell the defendant that "all [he] want[ed] to do was arrest him, find out what was going on, if he was doing what [the officer] thought he was doing." At that point, the defendant stopped resisting, went down to his knees and allowed himself to be handcuffed. No drugs were found on defendant and the officer acknowledged that during the five to fifteen second chase of defendant, no drugs were observed to be dropped. Defendant was charged with battery on a police officer and, for fleeing when told by the officer to stop, resisting an officer without violence. He was convicted of both offenses.
At trial, the defendant moved for judgment of acquittal on the charge of resisting an officer without violence, contending that the element of "lawful execution of any legal duty" was missing because the officer did not have a founded suspicion to order the defendant to stop. *286 We agree that the officer's observations were insufficient to give rise to a founded suspicion that a crime was being committed. The officer briefly observed activities that, even with the benefit of special training, are at least equally consistent with noncriminal activity. Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984). The officer saw neither drugs nor money. See Dames v. State, 566 So.2d 51 (Fla. 1st DCA 1990); Peabody v. State, 556 So.2d 826 (Fla. 2d DCA 1990). But see Thornton v. State, 559 So.2d 438 (Fla. 1st DCA 1990). The fact that the area was "high crime" is irrelevant. Gillion v. State, 573 So.2d 810 (Fla. 1991). The officer did not have a founded suspicion to detain appellant.[1] Proof of lawfulness of the officer's conduct is an essential element of resisting an officer without violence. The conviction for resisting an officer without violence must be reversed. In the Interest of T.M.M., 560 So.2d 805, 806 (Fla. 4th DCA 1990); M.C. v. State, 450 So.2d 336 (Fla. 5th DCA 1984).
AFFIRMED in part; REVERSED in part.
COBB, PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] The fact of flight does not support "the founded suspicion" because the officer ordered the two men to stop before they began to move away.