576 So.2d 890 (1991)
Rufus Charles CURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02615.
District Court of Appeal of Florida, Second District.
March 22, 1991.
*891 Carol C. Murphy, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Rufus Charles Curry, challenges the judgments and sentences imposed upon him after he pled nolo contendere to the charges of possession of cocaine and resisting an officer without violence and reserved his right to appeal the denial of his motion to suppress. We reverse.
Evidence presented at the suppression hearing indicated that Officers deSalvo and Cacciolfi were on patrol in uniform and in separate marked vehicles. They had been instructed to watch for drug sales in a certain area. At around 5:00 p.m., Officer deSalvo observed five to seven black males standing around an unpaved parking lot. DeSalvo radioed Officer Cacciolfi. The officers approached the group in their marked vehicles. As they exited their cars, the appellant began to walk away. The officers repeatedly told the appellant to stop. DeSalvo attempted to cut the appellant off and stop him while Cacciolfi remained with the group. The appellant turned around and started to rejoin the group. As deSalvo was coming up behind him, the appellant spit a substance out of his mouth. The substance was determined to be cocaine, and the appellant was arrested.
At the conclusion of the evidentiary hearing, the trial court denied the appellant's motion to suppress. The appellant then pled nolo contendere and reserved his right to appeal the denial of his motion. The appellant filed a timely notice of appeal from the judgments and sentences imposed upon him on the basis of his plea.
We first conclude that the stop of the appellant was unlawful because there was no founded suspicion of criminal activity. Mosley v. State, 519 So.2d 58 (Fla.2d DCA 1988). This case involves a defendant discarding evidence after the commencement of an illegal stop. The issue we must decide is whether the appellant's act of discarding cocaine after the commencement of the unlawful police stop renders the evidence admissible. The courts are divided and have phrased the issue by asking whether the "abandonment" after the illegal stop is "voluntary" or not.
In Anderson v. State, 576 So.2d 319 (Fla.2d DCA 1991), this court noted the split of decisions and certified the question of whether an abandonment of property after an illegal police stop but not pursuant to a search may be considered involuntary. Anderson held that based on the facts of that case, Anderson's abandonment of evidence was a result of his illegal detention and directed the trial court to enter an order suppressing the evidence. Anderson was based on Stanley v. State, 327 So.2d 243 (Fla. 2d DCA), cert. denied, 336 So.2d 604 (Fla. 1976). Stanley suppressed evidence which had been thrown out of a car after commencement of an illegal stop and ruled that "fruits of the improper exercise of police power should have been suppressed." See also State v. Bartee, 568 So.2d 523 (Fla. 1st DCA 1990).
The courts that follow the opposite rule find that the abandonment is voluntary and the evidence admissible if the illegally stopped person discards the evidence before an actual police search is begun. Curry v. State, 570 So.2d 1071 (Fla. 5th DCA 1990); State v. Perez, 15 F.L.W. D1355 (Fla. 3d DCA May 15, 1990); State v. Arnold, 15 F.L.W. D292 (Fla. 4th DCA Jan. 31, 1990); State v. Oliver, 368 So.2d 1331 *892 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla. 1980). In Oliver, the defendant was riding his bicycle when the police illegally ordered him to stop. After being told to stop, the defendant tossed a paper bag containing marijuana onto the street. The Oliver court said that this abandonment was in no sense prompted or tainted by the illegal police stop.
We disagree with the Oliver line of cases. We feel that the Anderson rule is the more reasoned approach. As stated by LaFave, Search & Seizure, section 2.6(b), note 62, page 472 (1987): "The question is not whether, but for the throwing away of the objects, the police would have found them in an illegal search. Rather, the question is whether the prior illegality has promoted the disposal, ... Oliver is an invitation to police to engage in illegal stops."
In this case, it is clear that the appellant's act of spitting out the cocaine was prompted by or the result of the officer's illegal detention. There was a direct connection between the unlawful police conduct and the challenged evidence, as there was in Anderson and in United States v. Beck, 602 F.2d 726 (5th Cir.1979). In Anderson, the police found a cocaine pipe in the back seat of a police cruiser after illegally stopping Anderson and detaining him there. In Beck, the police pulled along side a parked vehicle, and after talking to the occupants, they stopped the car without any founded suspicion. After the stop was made, the defendant threw marijuana out of the car window.
Since the appellant's act of discarding the cocaine was a result of his illegal detention, the cocaine should have been suppressed. Anderson. Accordingly, the trial court erred by denying the motion to suppress.
Reversed and remanded with instructions to the trial court to dismiss the charges.
SCHOONOVER, C.J., and LEHAN and ALTENBERND, JJ., concur.