576 So.2d 925 (1991)
Judith G. STANTON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-615.
District Court of Appeal of Florida, First District.
March 27, 1991.
Clyde M. Collins, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
WENTWORTH, Senior Judge.
Judith G. Stanton appeals her conviction for possession of cocaine, contending that police lacked a founded suspicion to stop the car in which she was a passenger, and that the trial court improperly denied her motion to suppress. We agree and reverse.
Officer Robert Nelson, Jacksonville Sheriff's Office, testified in his deposition that he drove his marked patrol car in Jacksonville on July 6, 1989, and witnessed what he thought appeared to be a crack cocaine deal between two males standing on a corner and three female occupants of a car in which Stanton was a passenger. He stated without specifics that the corner was a location known for drug sales, and that the *926 two males were known crack dealers. Officer Nelson testified that the males stood at the passenger side of the parked car and that one bent over inside, extending his arm into the car. As soon as he pulled his patrol car behind the parked car, it began moving and the two males started to walk away. He turned on the blue lights of his patrol car, and instructed the two males to stop and return. He also noticed that the occupants of the car began to shove objects beneath the seats, after which Stanton exited the car.
Officer Nelson radioed for backup officers and learned from one officer that the driver's operator license had been suspended. He arrested the driver for a suspended license and placed her in his patrol car. He asked her what the women were doing, and she answered that they were "just riding around and ... decided to stop" at the corner.
Officer Nelson stated that he also patted the two males for weapons, found none, and did not search them for drugs. He asked them what they were doing. They responded that they were "just standing around" when three women drove up in a car. He then asked Stanton the same question, and she said that the driver pulled into this location to find drugs. The other female passenger confirmed Stanton's answer.
Officer Nelson, and Patrolman Colavito Terry, who arrived at the scene as a backup officer, both testified that Stanton appeared to hold an object in her closed hand. As she began to walk away, Officer Terry instructed her to open her hands, following which he observed a crack pipe and arrested her for possession of drug paraphernalia.
Both officers also testified that the driver consented to the search of the car. Officer Terry stated that the car search turned up no contraband, although he did find a purse, and asked the occupants whose purse it was. He added that Stanton admitted that the purse belonged to her, and orally consented to a search. A search of the purse disclosed a plastic bag with cocaine residue in it. Stanton filed a motion to dismiss the physical evidence, and the trial court denied her motion, after which she entered a plea of nolo contendere to the possession charge, specifically reserving her right to appeal.
Police are required to have a "founded suspicion" of criminal activity before they can initiate a stop of a motor vehicle to investigate criminal activity. State v. Lewis, 406 So.2d 79, 80 (Fla. 2d DCA 1981). Police may satisfy that threshold when the "cumulative impact of the circumstances perceived by the officers" indicates that criminal activity is afoot. Kehoe v. State, 521 So.2d 1094, 1095-96 (Fla. 1988); Johnson v. State, 547 So.2d 699, 701 (Fla. 1st DCA 1989); Adams v. State, 523 So.2d 190, 192 (Fla. 1st DCA 1988) (the lawfulness of a stop depends on "whether it is predicated on a founded or reasonable suspicion that requires further investigation to determine whether the occupants of the vehicle have committed, are committing, or are about to commit a crime") (citation omitted).
Officer Nelson demonstrated no more than a mere suspicion that the parked car in which Stanton was a passenger was involved in wrongdoing. Bare suspicion of criminal activity is insufficient to justify an investigatory stop. Gipson v. State, 537 So.2d 1080, 1081 (Fla. 1st DCA 1989). None of the factors relied upon by Officer Nelson would independently justify the stop of the car. For instance, the "founded suspicion" standard is not satisfied by evidence of flight from approaching police, Johnson, 547 So.2d at 702, flight in a high crime area, Gipson, 537 So.2d at 1081, Hill v. State, 561 So.2d 23, 24 (Fla. 3d DCA 1990), or observation of a pedestrian leaning into a car in a high crime area. Steele v. State, 561 So.2d 638, 641 (Fla. 1st DCA 1990), State v. Hoover, 520 So.2d 696, 698 (Fla. 4th DCA 1988). Moreover, Officer Nelson provided no objective, articulable facts that would cumulatively support an investigatory stop of the parked car. See, e.g., Kehoe, 521 So.2d at 1096; Q.E.G. v. State, 569 So.2d 1313, 1314 (Fla. 1st DCA 1990); Steele, 561 So.2d at 643; Adams, 523 So.2d at 192.
*927 For these reasons, Officer Nelson lacked a founded suspicion to conduct an investigatory stop. Where the initial investigatory stop is invalid, the subsequent arrest and seizure are likewise invalid. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Harris v. State, 574 So.2d 243 (Fla. 1st DCA 1991).
We reverse Stanton's conviction, and remand with instructions to vacate the adjudication, and grant Stanton's motion to suppress.
SMITH and WIGGINTON, JJ., concur.