591 So.2d 611 (1992)
STATE of Florida, Petitioner,
v.
Greg ANDERSON, Respondent.
No. 77398.
Supreme Court of Florida.
January 2, 1992.
*612 Robert A. Butterworth, Atty. Gen., and Peggy A. Quince and Davis G. Anderson, Jr., Asst. Attys. Gen., Tampa, for petitioner.
Joel E. Grigsby, Lake Alfred, for respondent.
GRIMES, Justice.
We review Anderson v. State, 576 So.2d 319 (Fla. 2d DCA 1991), on the basis of the following question certified by the district court of appeal as one of great public importance.[1]
CAN AN ABANDONMENT OF PROPERTY AFTER AN ILLEGAL POLICE STOP BUT NOT PURSUANT TO A SEARCH BE CONSIDERED INVOLUNTARY?
Id. at 321.
The relevant facts of this case are as follows. Shortly after midnight, police officers conducting an undercover surveillance observed an unknown black male engage in several hand transactions with others. The man appeared to be distributing items. Some of the transactions occurred with persons on foot and some with persons in vehicles. The man conducted a transaction with Anderson. Anderson then walked to the front porch of his house. An officer drove by the house in a marked patrol car. When Anderson saw the police unit, he threw an object from his hand into a nearby planter. After the cruiser passed, Anderson removed something from the planter and put it in his shoe. An officer detained Anderson, placed him in the police cruiser, and ran a warrants check on him. No outstanding warrants were found, and Anderson was released. When Anderson got out of the police car, an officer checked the back seat and found a cocaine pipe. Officers searched Anderson and found one gram of marijuana and a one-dollar bill containing powdered cocaine in his shoe. Anderson was arrested for possession of cocaine, possession of drug paraphernalia, and possession of marijuana.
The trial judge denied Anderson's motion to suppress. The district court of appeal found that the officers lacked a founded suspicion of criminal activity and therefore Anderson was illegally detained. The court found that Anderson abandoned the cocaine pipe as a result of the illegal detention, and thus the pipe and other evidence should have been suppressed.
We address first the legality of Anderson's detention. Police officers may temporarily detain a person upon circumstances which reasonably indicate that the person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat. (1987). The state argues that under the totality of the circumstances, the officers had a founded suspicion that Anderson had engaged in a narcotics transaction. We agree. Officers had observed the man with whom Anderson conducted business engage in several similar transactions. The transactions occurred in the late evening hours. Officers observed Anderson's furtive, suspicious actions upon the approach *613 and passing of the police car. We find these facts sufficient to lead the officers reasonably to conclude, in light of their experience, that Anderson had engaged in criminal activity.[2]Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884-85, 20 L.Ed.2d 889 (1968). The cases relied upon by the district court of appeal lack a similar combination of facts. See Dames v. State, 566 So.2d 51 (Fla. 1st DCA 1990) (defendant was observed in high crime area leaning into window of stopped car and walked away rapidly upon officer's approach); Peabody v. State, 556 So.2d 826 (Fla. 2d DCA 1990) (defendant approached car parked in lighted parking lot in high crime area and talked to unknown occupant of car who extended his hand, palm up toward defendant); Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989) (defendant, who was part of large group gathered in area known for drug deals, fled when officers approached group and refused to remove his hand from jacket pocket when encountered by police officer); Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989) (officers patrolling area known for drug deals saw defendant huddled with two others behind a bar and the three fled when officers approached); Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987) (officers saw defendant on front porch of residence make quick movement as if to conceal something behind his back).
Although we have determined that the detention at issue here was valid, the certified question presumes an illegal stop. Initially, we note that the recent case of California v. Hodari D., ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), is not applicable to the facts of this case or to the question certified. In Hodari D., the defendant discarded crack cocaine while being chased by a police officer. The state conceded that the officer was without reasonable suspicion to stop Hodari D. The sole issue determined by the Court was whether he had been "seized" at the time he dropped the drugs. The Court concluded that a seizure had not occurred when Hodari D. abandoned the contraband, and thus it was admissible into evidence. In the instant case, a seizure had occurred.
"While it is true that a criminal defendant's voluntary abandonment of evidence can remove the taint of an illegal stop or arrest, it is equally true that for this to occur the abandonment must be truly voluntary and not merely the product of police misconduct." United States v. Beck, 602 F.2d 726, 729-30 (5th Cir.1979) (citations omitted). Where there is a nexus between illegal police conduct and abandonment of the challenged evidence, and the nexus has not become attenuated so as to dissipate the taint, the evidence should be suppressed. Id. at 730. Accordingly, we answer the certified question in the affirmative. An abandonment which is the product of an illegal stop is involuntary, and the abandoned property must be suppressed. Stanley v. State, 327 So.2d 243 (Fla. 2d DCA) (where officer stopped car without founded suspicion, baggie containing marijuana tossed from car as it stopped not admissible), cert. denied, 336 So.2d 604 (Fla. 1976). See also Beck, 602 F.2d 726 (where police stopped car without reasonable suspicion, marijuana cigarette and other items thrown from car during stop must be suppressed); Lawrence v. Henderson, 478 F.2d 705, 708 (5th Cir.1973) (where illegal arrest prompted defendant to conceal narcotics paraphernalia in police vehicle, abandonment was not voluntary).
However, in the instant case, because we have determined that the detention was valid, the subsequent abandonment of the cocaine pipe in the police car was not the fruit of police misconduct. Thus, there is no basis for its suppression. Stanley, 327 So.2d 243 (if stop is valid, there is no basis to suppress evidence abandoned during stop). See also Atterberry v. State, 726 P.2d 898 (Okla. Crim. App. 1986) (where officer was justified in stopping defendant, package containing narcotics which defendant discarded after stop was admissible); Gipson v. State, 459 N.E.2d 366 (Ind. 1984) *614 (only if abandonment were precipitated by illegal detention would abandoned property be inadmissible). Accordingly, Anderson is not entitled to relief.
We answer the certified question in the affirmative and quash the decision below.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, KOGAN and HARDING, JJ., concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, specially concurring.
I agree with the Court's answer to the certified question and agree also that the police had enough reasonable suspicion to initially question Anderson.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[2] Because the issue has not been raised, we do not address the legality of placing Anderson in the police car during the temporary detention.