599 So.2d 757 (1992)
Robert Frederick HEWLETT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00603.
District Court of Appeal of Florida, Second District.
June 3, 1992.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Robert Frederick Hewlett, was convicted of possession of cocaine. He argues on appeal that the trial court erred when it denied his motion to suppress. We agree and, accordingly, reverse appellant's conviction and sentence. Our reversal on that issue makes moot the sentencing issues raised by appellant.
At the suppression hearing, it was revealed that on November 17, 1990, at approximately 4:00 a.m., police officers on a routine patrol in Sulpher Springs observed a pickup truck with its lights out parked off the street either on or in the immediate vicinity of the property of a known drug dealer. As the officers' vehicle approached the truck, the officers observed three unknown black males standing next to the truck on the passenger's side. As the officers approached nearer the truck, or as the black males saw them, the black males left the area and appellant drove the pickup truck away at a high, but apparently lawful, rate of speed. The officers followed the truck and eventually stopped it some distance away. A canine unit was brought to the location of the stop, the pickup truck was searched and seven pieces of rock cocaine were found beneath the passenger seat.
The officers observed no suspicious transactions between the unknown black males and the occupants of the truck. *758 There was no apparent exchange of money or drugs. Neither the black males nor appellant and his passenger were known or suspected drug dealers. Appellant was not cited for or warned of violating any traffic regulation. Except for being on or in the vicinity of the property of a known drug dealer who was not observed at the scene, there was nothing that the officers observed nor was there a totality of circumstances presented that would support a founded suspicion that appellant or his passenger were engaged in unlawful activities such as would justify the detention of appellant.
We are unable to distinguish the circumstances of this search from that in Morris v. State, 519 So.2d 706 (Fla. 2d DCA 1988), where this court reversed the denial of a motion to suppress.
We can and do distinguish it factually, however, from the recent Florida Supreme Court case concerning this issue, State v. Anderson, 591 So.2d 611 (Fla. 1992). In Anderson, police officers conducting undercover surveillance observed an unknown black male making several hand transactions with other people that appeared to involve a distribution of "items." Eventually the black male conducted such a transaction with Anderson who, when he observed a marked police car, made several furtive or suspicious movements with the distributed item which our supreme court found could "reasonably indicate" Anderson had committed, was committing or was about to commit a crime. Since we have no such observed transactions and no furtive or suspicious movements by appellant, we conclude Anderson does not apply.
We find the denial of appellant's motion to suppress was error and reverse his conviction and sentence and remand with instructions that he be discharged.
FRANK and PARKER, JJ., concur.