PER CURIAM.
Appellant, Terry Lewis, brings this appeal from the judgment entered against him after he pleaded nolo contendere to charges of possession of cocaine with intent to sell and carrying a concealed firearm by a convicted felon, expressly reserving the right to appeal from the trial court’s denial of his motion to suppress. We reverse.
We conclude that it constituted a stop when Lewis was ordered to step out of his automobile by Officer Skiles. Lewis’ motion to suppress should have been granted because the officers did not have a founded suspicion to stop Lewis. Rather, the officers were acting on a hunch or guesswork concerning Lewis’ presence in a car legally parked in a lot. Each officer who testified stated that he did not have reason to believe that criminal activity was about to take place when they confronted Lewis. Therefore, the sole support for a determination that the officers’ had a founded suspicion that criminal activity was afoot is Officer Skiles’ testimony that Lewis mumbled, fidgeted, avoided eye contact, and rocked back and forth. This conduct alone does not justify a “founded” suspicion that criminal activity had taken place or was about to take place. See Cooper v. State, 584 So.2d 1124 (Fla. 4th DCA 1991).
Although the officers testified generally about the area in which appellant was parked being not only a “high crime area” but “as bad as it gets,” neither testified that they suspected appellant had a weapon until after he was ordered out of the ear. Neither subsection (2) nor subsection (5) of 901.151 Florida Statutes[1] (1991), was implicated un- *86 der this factual situation. We therefore reverse the order denying the motion to suppress, and remand for further proceedings, if any.
POLEN and KLEIN, JJ., and DOWNEY, JAMES C., Senior Judge, concur.

. Section 901.151, Florida Statutes (1991) provides in pertinent part:
901.151 Stop and Frisk Law.—
[[Image here]]
(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
[[Image here]]
(5) Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) has probable cause to believe that any person whom he has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other, person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such *86 weapon. If such a search discloses such a weapon or any evidence of a criminal offense it may be seized.