PARIENTE, Judge.
Henry Walker appeals his convictions for possession of cocaine and possession of drug paraphernalia, following the denial by the trial court of his pretrial motion to suppress physical evidence. We reverse.
The police officer testified that he was working in a residential area where he previously apprehended persons involved in drug activities, and he referred to the area in question as a “high drug transaction area.” Utilizing his binoculars, the police officer testified that he saw the defendant stop his car in front of a house and walk to the porch to speak with another male. The officer then saw a “transaction of hands take place.” He described this handshaking transaction as one “commonly used to switch money for drugs.” However, he specifically stated that he did not see anything exchange hands. Based solely on the above, the police stopped the defendant’s car and, thereafter, found a soda can on the floorboard that was bent and had holes in it. Although no cocaine was found on the defendant, there was residue of cocaine on the can.
The trial court denied the defendant’s motion to suppress the physical evidence. Subsequently, Walker changed his not guilty plea to nolo contendere, expressly reserving his right to appeal the motion to suppress.
The issue is whether the police officer was justified in stopping the defendant in his vehicle. Police may not stop vehicles on a bare suspicion that the occupants are violating the law. See Lewis v. State, 625 So.2d 84 (Fla. 4th DCA 1993); State v. Isaacs, 578 So.2d 523, 524 (Fla. 4th DCA 1991). On the other hand, police officers may temporarily detain a person when they have a “founded suspicion” that the person has committed, is committing or is about to commit a crime. § 901.151, Fla.Stat. (1991); Cooper v. State, 584 So.2d 1124 (Fla. 4th DCA 1991). The totality of circumstances must be evaluated, and a trial court’s ruling on a motion to suppress is clothed with a presumption of correctness. Smith v. State, 378 So.2d 281, 283 (Fla.1973).
*945 The State relies on State v. Anderson, 591 So.2d 611 (Fla.1992), to support the denial of the motion to suppress. However, in Anderson, a founded suspicion existed because the officers had observed the man, with whom Anderson conducted business, engaged in similar transactions; the transactions occurred in the late evening hours; and the officers saw Anderson’s furtive suspicious actions upon the approach of the police ear. The court held that in light of the officers’ experience, the facts could lead the officers to conclude that the defendant was engaged in criminal activity.
Boiled down to the essentials, this case involves a handshake occurring in a neighborhood known to the officer as a “high drug transaction area.” The police officer did not observe money or drugs; did not know either participant to be a suspected drug dealer; and did not observe Walker make any suspicious or furtive movements which would reasonably indicate that he had committed a crime. Unlike Anderson, the totality of the circumstances could certainly suggest lawful activity.
In Peabody v. State, 556 So.2d 826 (Fla. 2d DCA 1990), the officers observed a man extending his open hand, palm up to another, without seeing anything pass. The court concluded that such action was insufficient to “raise a founded suspicion.” See also Huntley v. State, 575 So.2d 285 (Fla. 5th DCA 1991). Essentially, the defendant was arrested not because of anything he did, but because of where he was. A handshake in a bad neighborhood cannot give rise to a founded suspicion that criminal activity is occurring or is about to occur.
Accordingly, we reverse the order denying the motion to suppress and remand for further proceedings.
GUNTHER, J., and DOWNEY, JAMES C., Senior Judge, concur.