PARKER, Judge.
The State of Florida appeals orders granting the motions of Robin Buckley Santiago and Timothy D. Lentz which sought to suppress cocaine seized from a vehicle. We reverse, concluding that the officer had a founded suspicion to conduct an investigatory stop.
The following evidence was adduced at the combined suppression hearing. Officer Sexton had been assigned to the River Park Apartments area during the four years he had been with the Naples Police Department. He knew that this residential community was a high-crime area for drugs. The typical drug transaction involved a person, usually Caucasian, driving an automobile down the street until a black male or group of black males approached the driver. Then the driver would stop the vehicle, and the black males would run over to the vehicle’s window. The seller displayed his merchandise, the buyer showed the money, and they made an exchange.
While Sexton was on patrol he received a radio dispatch that an anonymous caller had reported that a white male and white female had knocked on the caller’s door at Building F in the River Park Apartments and asked to purchase drugs. The caller saw the Caucasians getting into a gray, mid-sized four-door vehicle. Sexton, who was a block and a half away, immediately proceeded to River Park Apartments. He observed the vehicle *13 which the caller had described in front of Building F. A white female was in the driver’s seat, and a white male was on the passenger side. A black male approached the vehicle and stuck his hand into the driver’s side window. The white female was leaning slightly forward and looking down at the black male’s hand. When the black male saw Sexton, he immediately removed his hand and walked away. The car departed the area immediately. Based on his knowledge and experience concerning drug transactions in the area, Sexton believed that he had witnessed a drug transaction. The vehicle was stopped on the basis of Sexton’s belief that a drug transaction had occurred.[1]
An anonymous tip may provide the basis for a valid stop if the information has a certain degree of reliability. Hetland v. State, 387 So.2d 963 (Fla.1980). In evaluating an anonymous tip we must look to the specificity of the information provided and the officer’s corroboration of the information. State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla.1980). In the case of Romanoff v. State, 391 So.2d 783 (Fla. 4th DCA 1980), an officer received an anonymous BOLO that an unidentified person had pulled a gun on someone at a hotel and then exited in a white Chevrolet. The officer was only a block away from the hotel when he received the BOLO, and he saw a white Chevrolet pull out in front of him within seconds. The Fourth District held that the officer had a founded suspicion to stop the vehicle because the white Chevrolet “was at the exact right place at the exact right time.” Romanoff, 391 So.2d at 784. The facts of the instant case are similar. The anonymous tip was vague as to the description of the car; however, a car meeting that description was in the exact place, the front of Building F, at the exact time. The description of the occupants of the vehicle also was vague, but Santiago and Lentz fit the description.
We also must consider whether there was corroboration of the statement that the white female and male were attempting to buy drugs. The fact that a black male approached the vehicle in this area known for drug-dealing and stuck his hand into the window while the female looked into his hand generally is not sufficient for the officer to have a founded suspicion to stop the vehicle. See, e.g., Nesmith v. State, 616 So.2d 170 (Fla. 2d DCA 1993); Stanton v. State, 576 So.2d 925 (Fla. 1st DCA), review denied, 584 So.2d 999 (Fla.1991); Dames v. State, 566 So.2d 51 (Fla. 1st DCA 1990). We, however, must consider all of the surrounding circumstances. In this case there is the tip and the officer’s observations. In Wright v. State, 418 So.2d 1087 (Fla. 1st DCA 1982), review denied, 426 So.2d 29 (Fla.1983), an officer received an anonymous tip that a tall, dark-skinned black male was selling heroin and/or cocaine at a specific place. When the officer approached the area, there were several individuals who met that description. Wright did not fit the description, but the officer thought that Wright’s actions were suspicious. The officer observed an individual approach Wright. Wright would turn his back from the intersection and toward a building. Wright then would turn back around toward the intersection and engage in some form of hand contact with the individual. The officer admitted that he was unable to see whether anything was passed between the individuals. Then the approaching individual would depart. The officer observed this same scenario four times. The First District concluded, “Although the information provided in the tip fails to carry the indicia of reliability of specificity required by Hetland v. State, when it is combined with the observations made by [the officer], all the circumstances before him unquestionably furnished him a founded suspicion to stop.” Wright, 418 So.2d at 1089 (citation omitted).
The instant ease is very similar to Wright. Sexton received an anonymous tip which was vague, but he observed a vehicle meeting that description within minutes of the call in *14 the exact place where the caller indicated. Then Sexton observed suspicious behavior which, based on his four years’ experience in that area, led him to the reasonable belief that a drug transaction had occurred. Thus, Sexton had a founded suspicion to stop the vehicle. We conclude that the trial court erred in granting the motions to suppress.
Reversed and remanded for further proceedings consistent with this opinion.
FRANK, G.J., and WHATLEY, J., concur.

. The attorneys for Santiago and Lentz stated specifically at the hearing on their motions to suppress that the only issue before the trial court was whether there was a founded suspicion to justify the stop. The state, therefore, presented no evidence relating to the facts after the stop. Thus, this court's decision addresses only the issue of whether there was a reasonable suspicion to warrant the investigatory stop.