KLEIN, Judge.
The issue presented by this appeal is whether appellant’s actions in attempting to flag down approaching vehicles gave police officers, who had been observing this behavior, founded suspicion to detain him. We affirm.
The officers’ attention was first drawn to the appellant and other men, who were standing in a vacant lot, because they had come out in the road as the officers drove by and attempted to flag down the officers, who were in an unmarked car. The officers, members of the street crimes unit of the Pompano Beach police, who were experienced with the manner in which drugs are sold, were aware that this was a common manner in which street drug dealers solicited drug buyers.
The officers then parked some distance away and observed for ten to twenty minutes while the flagging down activity continued. *133 They then approached appellant and the others and, when appellant was questioned as to his name, he gave the name of “Michael Williams.” When the officer asked him to spell his name, he was unable to do so, and at that point fled. After the officers caught him, he acknowledged that he had given a false name because he was violating his community control.
There was no evidence that the cars stopped, that the men reached into cars, exchanged anything, or that this was an area known for drug sales. The information obtained by the officer, appellant contends, should therefore have been suppressed at the hearing to revoke his community control. Appellant argues that even where an officer sees a defendant in a “very high drug area,” taking something from another person’s hand, this does not create founded suspicion that illegal activity is taking place. Huntley v. State, 575 So.2d 285 (Fla. 5th DCA 1991). See also Peabody v. State, 556 So.2d 826 (Fla. 2d DCA 1990)(no founded suspicion where there was hand contact between pedestrian and driver in area known for drug activity).
Although we are unable to find a factually similar Florida ease in which it has been held that there was well-founded suspicion, the case setting the standard, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), supports our conclusion that there was well-founded suspicion in this ease. In Terry an officer observed three men on foot walking back and forth in front of a particular store, in the afternoon, peering in the window of the store, and then conversing with each other. The officer, relying on his experience, concluded that the men were casing the store in order to rob it. The Supreme Court upheld the officer’s stop and pat-down of the men based on essentially no more than the walking back and forth, the peering into the store window, and the conversing.
The activity in the present case, in our opinion, is as suspicious as the activity in Terry. Obviously there are reasons, besides selling drugs, why people attempt to repeatedly flag down traffic, which is the essence of the conduct in the present ease. These men, however, were not, for example, washing cars, soliciting contributions for little league, or seeking help for a disabled vehicle. In United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989), the Court explained that the requisite “level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence.”
Applying search and seizure law in conformity with the decisions of the United States Supreme Court, as we are required to do by Article I, section 12 of the Florida Constitution, we conclude that the multiple attempts to flag down traffic by these pedestrians, over a period of ten to twenty minutes, gave the officers, who knew from their experience that this is how drugs are sold on the street, founded suspicion to temporarily detain appellant. We therefore affirm.[1]
DELL and GUNTHER JJ., concur.

. After this opinion was written, but before it was issued, the United States Supreme Court held that the federal exclusionary rule does not bar introduction of evidence seized in violation of the Florida Amendment at parole revocation hearings. Pennsylvania Bd. of Probation and Parole v. Scott,-U.S.-, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998). Because the information obtained in the present case resulted in revocation of appellant’s community control, the Scott decision is relevant in this case; however, our affirmance makes it unnecessary for us to address Scott.