PER CURIAM.
M.M. appeals the trial court’s denial of his motion to suppress evidence. Because the State failed to prove that the officers had a reasonable suspicion that M.M. had engaged in criminal activity before they conducted an investigatory detention, we reverse.
*1201 Officers Brown and Hall testified that while on routine patrol they were flagged down by an anonymous couple who reported a large group of approximately twenty black males vandalizing a vehicle. Shortly thereafter, the officers stopped M.M. and his three companions in the vicinity based upon what Officer Brown conceded was a “vague” description of black males wearing dark shorts, some wearing white T-shirts, and one carrying a radio. M.M. was carrying a radio and was wearing dark shorts, but he was not wearing a white T-shirt and he was in a group of only four people. Officer Brown also testified that he had seen another group of black males in the area but that none of them had been carrying a radio. M.M. and his companions were stopped in the parking lot of a community center and the officers testified that it was not unusual for black youths with radios to be in that area.
An officer must have a well-founded, articulable suspicion of criminal activity in order to justify an investigatory stop pursuant to section 901.151, Florida Statutes (1997). See Popple v. State, 626 So.2d 185, 186 (Fla.1993). An anonymous tip that is sufficiently corroborated by independent police investigation may furnish reasonable suspicion that a suspect is engaged in criminal activity so as to warrant an investigatory stop. See Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). However, “a vague description simply would not justify a law enforcement officer in stopping every individual who, or every vehicle which, might possibly meet that description.” State v. Hetland, 366 So.2d 831, 839 (Fla. 2d DCA 1979).
Here, the information provided was vague and M.M. did not sufficiently fit the description given so as to corroborate the tip. See id. at 839 (anonymous tip is corroborated when officers act promptly and find an individual in the named location who exactly fits the description); see also Taylor v. State, 695 So.2d 503, 504 (Fla. 2d DCA 1997) (the description of “a black man riding a bicycle” could have fit many men). Accordingly, because the evidence did not support a well-founded suspicion that M.M. had been engaged in criminal activity, his stop and detention were not valid. Thus, the contraband that M.M. abandoned during the illegal detention should have been suppressed. See State v. Anderson, 591 So.2d 611, 613 (Fla.1992).
Reversed and remanded.
PARKER, C.J., and BLUE and FULMER, JJ., Concur.