DAVIS, Judge.
The State appeals the trial court’s order suppressing a crack pipe containing cocaine residue, a clean crack pipe, new and used steel wool pads, and George Williams’ incriminating statements to police. We reverse.
In the early morning hours of September 3, 1998, two police officers patrolled the area of 34th Street in St. Petersburg. They noticed a known prostitute loitering in the area. The officers stopped to talk with the prostitute, and, upon inquiry, the prostitute indicated that she currently resided in Room 2 of the Palm Aire Motel. While one of the officers stayed with the prostitute, the second officer went to the motel and spoke with the desk clerk.
The desk clerk informed the officer that this known prostitute was listed as a guest of George Williams. The desk clerk told the officer that he wanted all the occupants out of the room. The officer went to Room 2 and knocked on the door. Williams answered the door, closed the door momentarily to clothe himself, and reopened the door to speak with the officer.
The officer informed Williams that the motel wanted all the occupants to vacate the motel room. The officer asked whether anyone else currently occupied the room. Williams said no, and invited the officer into the room to see for himself. The officer and Williams conversed while Williams packed his belongings and put them in his truck. Before Williams departed, the officer asked Williams whether he had left anything in the room. Williams said no, and went to the motel office to return his key. After Williams left the motel in his truck, the officer searched the motel room, found the contraband, and seized it. The trial court granted Williams’ motion to suppress the contraband, and the State appeals.
“The courts have allowed the seizure of evidence Voluntarily abandoned’ where no improper or unlawful act was committed by the law enforcement officers prior to such abandonment.” State v. Nittolo, 317 So.2d 748, 749 (Fla.1975). Police do not conduct a “search” within the meaning of the Fourth Amendment when they “retrieve property which a defendant has voluntarily abandoned in an area where he has no reasonable expectation of privacy, ... as where a person discards property ... in a hotel room or shack which has been vacated.” State v. Oliver, 368 So.2d 1331, 1335 (Fla. 3d DCA 1979) (citing Abel v. United, States, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960)); see also Patmore v. State, 383 So.2d 309, 310-11 (Fla. 2d DCA 1980). We acknowledge, however, that where a defendant abandons property as a direct result of unlawful police conduct, he does not relinquish his reasonable expectation of privacy in his property, and retains standing to challenge the introduction of the abandoned items into evidence. See United States v. Gilman, 684 F.2d 616, 619-20 (9th Cir.1982); State v. Anderson, 591 So.2d 611, 613 (Fla.1992); Curry v. State, 576 So.2d 890, 892 (Fla. 2d DCA 1991), approved, 621 So.2d 410 (Fla.1993). Williams argues that the trial court here correctly suppressed the contraband because he did not abandon it *172 voluntarily. We disagree. We hold that the officer acted lawfully, and thus did not “force” Williams to abandon his property.
The officer told Williams the motel wanted him to leave. The motel lawfully ejected Williams pursuant to section 509.141, Florida Statutes (1999), which provides:
(1) The operator of any public lodging establishment ... may remove or cause to be removed from such establishment, in the manner hereinafter provided, any guest of the establishment who ... in the opinion of the operator, is a person the continued entertainment of whom would be detrimental to such establishment.
(2) The operator of any public lodging establishment ... shall notify such guest that the establishment no longer desires to entertain the guest and shall request that such guest immediately depart from the establishment. Such notice shall be given orally or in writing.... If such guest has paid in advance, the establishment shall, at the time such notice is given, tender to such guest the unused portion of the advance payment; however, the establishment may withhold payment for each full day that the guest has been entertained at the establishment for any portion of the 24-hour period of such day.
[[Image here]]
(4) If any person is illegally on the premises of any public lodging establishment ..., the operator of such establishment may call upon any law enforcement officer of this state for assistance.
[[Image here]]
(Emphasis added.)
Thus, contrary to the trial court’s ruling in this ease, the Palm Aire Motel could terminate Williams’ tenancy if, in the opinion of the operator, his continued stay would be detrimental to the establishment. Under subsection 509.141(2), the motel had no obligation to refund the unused portion of Williams’ advance payment, since he had already occupied the room for a portion of the twenty-four-hour period.
Furthermore, the officer did not enter Williams’ motel room illegally. Rather, he knocked on the door and Williams invited him into the room. Thus, this case is distinguishable from the “forced abandonment” cases such as Fletcher v. Wainwright, 399 F.2d 62 (5th Cir.1968). In Fletcher, the Fifth Circuit held that hotel room occupants did not voluntarily abandon their property, which they threw out a window when an officer without a warrant kicked in their hotel room door in an illegal entry. See id. at 63-64.
The officer here, in contrast to the officer in Fletcher, entered Williams’ room lawfully and asked him to leave. Williams packed his belongings, turned in his key, and left in his truck. The record contains no evidence that Williams was forced to abandon the contraband by any unlawful act of the officer. Williams had no legitimate expectation of privacy in the vacated motel room, and relinquished his interest in any property he left there. Accordingly, we reverse the trial court’s order suppressing the contraband and Williams’ statements and remand for further proceedings.
PARKER, A.C.J., and NORTHCUTT, J., Concur.