DAMOORGIAN, C.J.
Larry Williams appeals his judgment and sentence for possession of cocaine and marijuana. Williams argues that the trial court improperly denied his motion to suppress because the police lacked a founded suspicion to stop Williams. We affirm.
The following facts were established at the hearing on the motion to suppress and were the basis for the trial court’s ruling. The arresting officer, a St. Lucie County deputy, was an experienced narcotics law enforcement officer. On the day of Williams’ arrest, at approximately 1:00 *645 a.m., the deputy and his partner approached a vehicle with a female occupant in a parking lot near a night club. The deputy was clothed in apparel identifying him as a law enforcement officer. Upon approaching the vehicle, the deputy looked inside the vehicle and noticed a crack cocaine pipe in plain view. A criminal investigation ensued. The deputy returned to his vehicle to continue his investigation when he noticed Williams approach the driver’s side of the vehicle, lean in toward the driver’s side window, and begin speaking with the female occupant. Upon seeing Williams, the deputy asked Williams: “Hey man, what’s going on? What are you doing?” Williams became startled and took a step back at which point, the deputy noticed Williams’ clenched fist. The deputy could not recognize anything in Williams’ hand, but “it was very suspicious” to him and he feared the possibility that Williams was clenching a weapon or drugs. The deputy provided an example in which a weapon could be concealed in a clenched hand. Williams started to walk away and the deputy attempted to stop Williams by saying: “Hey man, where are you going? Come here, let me talk to you.” Williams turned around, unclenched his fist, and dropped what turned out to be cocaine. The trial court denied the motion to suppress, reasoning that the deputy had reasonable suspicion to stop Williams based on the totality of the circumstances.
Williams argues that the evidence does not support the trial court’s conclusion that the deputy possessed reasonable suspicion to stop him. The State counters that the factual circumstances justified a stop. In the alternative, the State argues that the encounter between the deputy and Williams was consensual. We reject the State’s alternative argument without further comment.
When reviewing a trial court’s order on a motion to suppress evidence, we defer to the trial court’s factual findings but review legal conclusions de novo. Castella v. State, 959 So.2d 1285, 1289 (Fla. 4th DCA 2007).
To detain a person for investigation, an officer must have a reasonable suspicion, based on objective, articulable facts, that the person has committed, is committing, or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). “Whether an officer has a ‘founded suspicion’ for a stop depends on the totality of the circumstances ... in light of the officer’s knowledge and experience.” Ippolito v. State, 789 So.2d 423, 425 (Fla. 4th DCA 2001). However, a bare suspicion or “mere ‘hunch’ that criminal activity may be occurring is not sufficient.” Belsky v. State, 831 So.2d 803, 804 (Fla. 4th DCA 2002). Factors that may be considered in establishing reasonable suspicion include: “the time; the day of the week; the location; the physical appearance of the suspect; the behavior of the suspect; the appearance and manner of operation of any vehicle involved; anything incongruous or unusual in the situation as interpreted in light of the officer’s knowledge.” May v. State, 77 So.3d 831, 834 (Fla. 4th DCA 2012) (quotations and citations omitted).
The cumulative impact of a number of factors leads us to conclude that the deputy had a reasonable basis for suspicion that Williams was or had been engaged in criminal activity. See State v. Jenkins, 566 So.2d 926, 927 (Fla. 2d DCA 1990) (recognizing that the cumulative impact of independent factors may provide sufficient basis for reasonable suspicion of criminal activity). First, it was 1:00 a.m. in a dark parking lot. Second, located in the parking lot was a vehicle in which the deputy had just discovered a crack pipe. *646 Third, Williams approached this vehicle and proceeded to lean into the vehicle and engage with its occupant, who was under active investigation. Finally, after engaging with the occupant of the vehicle, the deputy asked Williams what he was doing and Williams started to leave the scene with a clenched fist. When considered in light of the deputy’s extensive training and field experience, including both narcotics investigations and experience with small weapons that could be concealed within a fist, these facts provide justifiable reasons to suspect that Williams possessed either drugs or a weapon within his clenched fist. See, e.g., May, 77 So.3d at 834 (explaining that it is not absolutely necessary for an officer to observe drugs or money change hands in order to support a reasonable suspicion that a drug offense was committed and deference should be given to the officer’s perspective); Gentles v. State, 50 So.3d 1192, 1198 (Fla. 4th DCA 2010) (noting that in certain circumstances, “[a] temporary detention of an individual may be justified by an officer’s specific concern for his own safety”).
Williams argues his approaching the vehicle, engaging the driver of the vehicle in conversation, and the deputy merely observing him with a clenched fist, without any indication of a drug transaction, is an insufficient reason to justify conducting an investigatory stop. Williams emphasizes that he did not attempt to flee when he was asked to stop. Citing to Kearse v. State, 384 So.2d 272, (Fla. 4th DCA 1980), Williams asserts that the deputy acted on bare suspicion rather than articulable, reasonable suspicion of criminal behavior. Id. 273-74 (holding that an officer may not conduct an investigatory stop without well-founded suspicion that the defendant is committing or will imminently commit a criminal offense). We find none of the cases cited by Williams persuasive. In Huntley v. State, 575 So.2d 285 (Fla. 5th DCA 1991), a police officer observed defendant in a high crime area standing close to a young black male. Id. Both appeared to be exchanging something multiple times. Id. No reasonable suspicion was found. Id. at 286. Likewise, in Stanton v. State, 576 So.2d 925 (Fla. 1st DCA 1991), no reasonable suspicion was found where defendant stood at the passenger side of parked vehicle, extending his arm into the vehicle. Id. at 926, 927. Finally, in Hewlett v. State, 599 So.2d 757 (Fla. 2d DCA 1992), the court held that officers lacked reasonable suspicion to stop a vehicle based on the fact that the vehicle and three males who were previously standing next to the vehicle left the area upon the officers’ approach. Id. at 757, 758.
None of these cases involved the circumstances present here, and none rise to the level of reasonable suspicion even when considering their cumulative effect. Jenkins, 566 So.2d at 927. Specifically, none of the cases cited by Williams involve a suspect’s interference with an ongoing and obvious investigation.

Affirmed.

KLINGENSMITH, J., concurs.
TAYLOR, J., concurs in result only.