556 So.2d 826 (1990)
Brian G. PEABODY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02828.
District Court of Appeal of Florida, Second District.
February 16, 1990.
*827 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Brian G. Peabody, challenges an order denying a motion to suppress certain evidence seized from him. After the trial court denied the appellant's motion to suppress, he pled nolo contendere to the charge of possession of a controlled substance and reserved his right to appeal the court's order. The court accepted the appellant's plea, adjudicated him guilty, and placed him on probation. We find that the trial court erred by denying the motion and, accordingly, reverse.
At the hearing on the appellant's motion, the parties stipulated to the facts set forth in the motion. According to the motion, this incident arose out of a surveillance operation being conducted in a neighborhood known for its drug activity. The appellant, the only white male in the area, was observed talking to several other males. He subsequently approached a man in an automobile which was parked in a lighted parking lot. After the man extended his open hand, palm up, toward the appellant, the officer who observed this activity, but who did not see anything passing between the two men, requested the assistance of uniformed officers in the area. The officers converged on the men and stopped the appellant. The driver of the automobile fled. One of the officers patted down the appellant and removed a bag containing pills from his pocket.
The trial court denied the appellant's motion to suppress these pills and the statements the appellant gave to the officers. The appellant filed a timely notice of appeal from the subsequent judgment and sentence.
The appellant contends that the facts and circumstances surrounding his detention did not support a founded suspicion of criminal activity. The appellee contends that the officer had probable cause to arrest the appellant and that the search was incident to a lawful arrest. We agree with the appellant.
Before a law enforcement officer may temporarily detain a person for purposes of investigation, circumstances must reasonably indicate that the person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat. (1987). Although such a detention may be based upon something less than probable cause, it cannot be based upon mere or bare suspicion of criminal activity. Coladonato v. State, 348 So.2d 326 (Fla. 1977); G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985). The suspicion must be founded, i.e., have some factual foundation in the circumstances observed by the officer when those circumstances are interpreted in light of the officer's knowledge. G.J.P.
The appellant approached a car parked in a lighted parking lot in a high crime area. He talked to an unknown occupant of the car who extended his hand, palm up, toward the appellant. The officer did not see anything in the hand nor anything pass between the two. An officer *828 who observes a person approach a car in a high crime area and talk to the occupant may have a bare suspicion of criminal activity, but he does not have a founded suspicion. State v. Hoover, 520 So.2d 696 (Fla. 4th DCA 1988); Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988); State v. Delaney, 517 So.2d 696 (Fla. 2d DCA 1987). The fact that the occupant of the car extended his hand does not raise the suspicion to a founded suspicion. See Mosley. The trial court, therefore, erred in denying the appellant's motion to suppress.
We, accordingly, reverse and remand with instructions to discharge the appellant for this offense.
SCHEB, A.C.J., and THREADGILL, J., concur.