605 So.2d 595 (1992)
STATE of Florida, Appellant,
v.
Tammy Himes CLARK, Appellee.
No. 91-03488.
District Court of Appeal of Florida, Second District.
October 2, 1992.
*596 Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
Denis M. de Vlaming, Clearwater, for appellee.
FRANK, Judge.
We have for consideration an order of the trial court granting a motion to suppress. In granting the motion, the trial court determined the police lacked a founded suspicion of criminal behavior upon which to ground their investigatory stop of Tammy Himes Clark, from whose vehicle the police recovered a piece of crack cocaine. We reverse.
On the night of July 9, 1991, Pinellas County Sheriff's Deputy Robert Snipes, on routine patrol in an area known for its high-volume of drug activity, encountered an unidentified resident of the neighborhood who alerted him to an apartment up the street from which drugs were allegedly being sold. Snipes was familiar with the apartment; numerous complaints of drug peddling had been lodged against its occupants. He proceeded to a location within sight of the residence, then called for backup assistance. Snipes observed a known drug merchant, Debra Brown, exit the apartment and approach the passenger side of a car parked in the driveway.
As Brown was leaning down to speak to the driver, another officer, Deputy Paul Martin, slowly passed by in time to observe a hand-to-hand exchange between Brown and the driver, subsequently identified as Clark. According to Deputy Martin, Brown extended "a crumpled napkin ... or something crumpled" to Clark, who "appeared to hand Ms. Brown some money, I believe." Based on his experiences, Martin recognized the crumpled object as one consistent with the packaging of small doses of drugs. By this time, Brown had observed the officer. Brown pulled her hands from the car, placed them on her chest and she proceeded to return to her apartment. Clark, meanwhile, was seen bending down to the floorboard of her car and then driving away.
After following her out of the neighborhood, the officers stopped Clark and asked her to step out of the car. Snipes inquired about the transaction at the apartment, to which Clark responded that she and Brown had been negotiating the sale of a piece of furniture. When the officers expressed their skepticism, Clark admitted purchasing cocaine from Brown. She then consented to a search of her car, even pointing Deputy Martin to the place inside where moments earlier she had stashed the drugs. There, tucked into a crumpled cellophane wrapper inside a carton of beer, the drugs were found. Clark was arrested and charged with possession of cocaine. She successfully sought to suppress the cocaine.
In the order granting the motion, the trial court, despite acknowledging the officers' law enforcement training and experience, determined that the initial interception of Clark had not been based upon a well-founded suspicion of criminal activity. The transaction observed at the apartment was, according to the court, "equally consistent with noncriminal activity." We have reviewed the evidence presented to the trial court, and reverse the suppression order.
The factual setting depicts more than a drug trafficker, familiar to police, who, in a high crime district, is seen leaning into the vehicle of someone who reacts upon the approach of law enforcement. See, e.g., Dames v. State, 566 So.2d 51 (Fla. 1st DCA 1990); State v. Hoover, 520 So.2d 696 (Fla. 4th DCA 1988) (no founded suspicion of criminal behavior). The facts of this case reveal that an exchange occurred between Brown and Clark, that Clark provided what appeared to be money in return for a small object packaged in a manner typical for contraband. See Winters v. State, 578 So.2d 5, 6 (Fla. 2d DCA), rev. denied, 589 So.2d 292 (Fla. 1991). The officers perceived a situation that justified an investigatory stop when measured by their training, experience, and personal knowledge. See Tamer v. State, 484 So.2d 583 (Fla. 1986); Elliott v. State, 597 So.2d 916 (Fla. 4th DCA 1992).
*597 Clark relies upon this court's decision in Peabody v. State, 556 So.2d 826 (Fla. 2d DCA 1990), in support of the notion that the police were acting only upon bare suspicion. The arresting officers in Peabody, however, unlike the circumstance in the present matter, failed to see anything pass between the suspects. Peabody, 556 So.2d at 826.
Accordingly, the trial court erred in finding that the officers lacked the founded suspicion necessary to warrant a temporary detention. We reverse.
CAMPBELL, A.C.J., and PARKER, J., concur.