609 So.2d 164 (1992)
Steve MESSER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-04065.
District Court of Appeal of Florida, Second District.
December 9, 1992.
Richard Escobar of Richard Escobar, P.A., Tampa, for appellant.
*165 Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Steve Messer, having pleaded nolo contendere to possession of cocaine, has appealed from the denial of his motion to suppress. Because the officers who stopped him did not have a reasonable suspicion that Messer was engaged in criminal activity, we reverse.
The facts before us appear to present a typical "drive-by" cocaine transaction. Hillsborough County police officer Joseph Clark observed Messer, in the seat of his pickup truck, pull into a driveway near the corner of East Robles and Floribraska. Through binoculars Clark saw a black male approach Messer's vehicle and appear to pass something to the occupants. Clark, however, saw only arm movement and could not identify any objects. Assuming that a drug sale had occurred, Clark radioed another unit which stopped Messer's truck some thirty seconds later. The second officer, Quinones, upon walking up to the vehicle observed Messer drop a piece of rock cocaine out of the window of the truck. Quinones then arrested Messer for possession of cocaine. Messer moved to suppress the evidence on the ground that he was illegally stopped.
The most troublesome aspect of this matter, compelling reversal, is Officer Clark's admitted failure actually to have seen objects transferred between Messer and the alleged drug dealer. Although the officer labeled these events a "transaction," he admitted that, even with binoculars, he could see neither drugs nor money. Many of the cases dealing with drive-up drug sales in high crime neighborhoods hinge upon this factor. See State v. Clark, 605 So.2d 595 (Fla. 2d DCA 1992); Stanton v. State, 576 So.2d 925 (Fla. 1st DCA), rev. denied, 584 So.2d 999 (Fla. 1991); Stevenson v. State, 565 So.2d 858 (Fla. 2d DCA 1990); Peabody v. State, 556 So.2d 826 (Fla. 2d DCA 1990). In those instances where no contraband was observed, the officer was deemed to have had only a "bare" rather than a "reasonable" suspicion that the defendant was engaged in criminal activity. Accordingly, the subsequent stop would be illegal.
Another issue, argued by the state, is that Messer voluntarily abandoned the cocaine, thus attenuating the taint of the illegal stop. This question has been answered by the supreme court in State v. Anderson, 591 So.2d 611, 613 (Fla. 1992): "An abandonment which is the product of an illegal stop is involuntary, and the abandoned property must be suppressed" (citing Stanley v. State, 327 So.2d 243 (Fla. 2d DCA 1976)).
For the foregoing reasons, the order denying suppression is reversed.
DANAHY, A.C.J., and SCHOONOVER, J., concur.