624 So.2d 359 (1993)
M.J.S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01624.
District Court of Appeal of Florida, Second District.
September 17, 1993.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
In this juvenile proceeding, the appellant challenges the order placing him on community control. He argues that the trial court erred in denying his motion to suppress since the evidence was found as a result of an illegal search and seizure. We agree and reverse.
Larry Carr, a deputy with the Polk County Sheriff's Office, testified at the hearing that on November 25, 1991, he was driving through an apartment complex in a high drug area and saw the appellant and two other individuals standing in the street listening to music around 9:00 or 10:00 p.m. The deputy saw a car approach the appellant and flip its headlights on and off. The appellant walked up to the passenger door and leaned inside the car. When the deputy walked towards him, the appellant stood up quickly. The appellant became nervous and tried to leave. The deputy frisked the appellant for weapons and did not feel anything on the appellant's person. However, when he felt the appellant's coonskin hat, he felt an object in the fold. The deputy searched the cap and found a baggie containing rock cocaine. The deputy admitted he did not see a *360 crime being committed or an exchange of objects.
The facts do not support a finding that the deputy had a reasonable suspicion to justify detaining the appellant because the deputy did not see money or drugs transferred between the appellant and the occupant of the car. See Messer v. State, 609 So.2d 164 (Fla. 2d DCA 1992); State v. Clark, 605 So.2d 595 (Fla. 2d DCA 1992). In a similar case, Dames v. State, 566 So.2d 51 (Fla. 1st DCA 1990), the First District held that a stop "was not warranted simply based on the officer's observation of the appellant, in a high-crime district, leaning into the window of a stopped car and his proceeding to walk away rapidly upon seeing the officer approach." 566 So.2d at 52.
Therefore, the trial court should have suppressed the evidence found as a result of the illegal search of the appellant's hat. Accordingly, we reverse the order of community control.
Reversed.
HALL, A.C.J., and BLUE, J., concur.