636 So.2d 583 (1994)
Richard WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03295.
District Court of Appeal of Florida, Second District.
May 11, 1994.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John M. Klawikofsky, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, having been convicted of possession of cocaine and a misdemeanor obstruction charge, argues that the court should have granted his motion to suppress because the officers who stopped him had neither a founded suspicion of criminal activity nor the required probable cause or a warrant to search the car. While we conclude that the officers did have a founded suspicion to stop appellant, we determine that they did not have probable cause to search his vehicle and, accordingly, reverse.
At the time that appellant was stopped, Officer Adams, an experienced narcotics officer, had seen appellant participate in two exchanges, one with a man and one with a woman, in an area known for drug sales. Officer Adams had seen several hand-to-hand drug transactions at this location one week before and was stationed there specifically because of complaints of drug dealing. He testified that appellant's transactions were consistent with drug transactions because they were very brief. Appellant and the man walked to a particular location and looked around. The man reached inside a pocket, gave appellant something and received cash for it. Appellant wrapped more cash around whatever the man gave him (a "dealer's wad"), put it into his pocket and the man turned and walked away. As soon as the man walked away, a woman walked up and gave appellant cash in exchange for whatever he had in that same pocket. Appellant wrapped the cash around what was *584 left of the object in his pocket and put it back into his pocket. He then got into his car, drove to a parking lot and exited his car. Officers Bryan and Brewer followed him. Upon seeing the officers, appellant fled. The officers apprehended and searched appellant and his vehicle. The search of appellant's person revealed the "dealer's wad" of cash and the search of his vehicle revealed contraband.
We conclude first that under the totality of the circumstances, the officers here had a founded suspicion to stop appellant. See Blanding v. State, 446 So.2d 1135 (Fla. 3d DCA 1984). We find particularly persuasive the facts that Officer Adams observed an exchange of money for an object; the exchange involved a "dealer's wad"; that Officer Adams was quite experienced in narcotics transactions; that the first transaction was followed immediately by the second transaction involving the same "dealer's wad"; that the area was under surveillance as the result of recent citizen complaints of drug dealing; and that Officer Adams had seen similar hand-to-hand drug transactions at this location one week ago. Although, in Blanding, the unknown substance being exchanged was packaged in plastic baggies which are commonly used to package drugs, in the instant case, we have the additional facts that the exchanges here involved a "dealer's wad"; that several hand-to-hand drug transactions had occurred at this very location a week before; that there had been complaints of drug dealing at this location; and that Officer Adams, an experienced narcotics officer, testified that these transactions looked like drug deals to him. See also State v. Clark, 605 So.2d 595 (Fla. 2d DCA 1992).
Turning to the vehicle search, the only way the officers could have properly searched appellant's vehicle was: (1) With a search warrant; (2) pursuant to a valid arrest based on probable cause; or (3) if exigency provided probable cause to search. Since there was no warrant, the search had to have been incident to arrest or due to exigent circumstances. However, the officers did not develop probable cause to arrest appellant until they searched the vehicle. Appellant was not under arrest at the time the vehicle was searched. Neither did the exigency exception provide the required probable cause to search here because the officers did not have "fresh, direct, uncontradicted evidence" of criminality involving the vehicle. California v. Carney, 471 U.S. 386, 395, 105 S.Ct. 2066, 2071, 85 L.Ed.2d 406, 415 (1985). In Carney, the officers had ample evidence, in the form of the statement of a participant, that the respondent was providing marijuana in his mobile home in return for sexual contact. See also State v. Starkey, 559 So.2d 335 (Fla. 1st DCA 1990) [officer knew that defendant had already been arrested and charged with murder when he searched automobile; officer also saw.25 caliber cartridges on seat in plain view before entering]. Here, although Officer Adams had seen appellant involved in what appeared to be a drug transaction, this was not the fresh, direct, uncontradicted evidence to which the Carney court refers.
Finally, contrary to the state's argument, this court in Clark did not find that probable cause to search existed where an officer observed a hand-to-hand drug transaction. In that case, Judge Frank found that the officer possessed a founded suspicion of criminal activity sufficient to justify the stop.
We cannot find that the search of appellant's vehicle here was supported by probable cause and, accordingly, we reverse.
RYDER, A.C.J., and THREADGILL, J., concur.