PER CURIAM.
Rafael Amado Martin pleaded nolo conten-dere to possession of cocaine and possession of drug paraphernalia, reserving the right to appeal the denial of his dispositive motion to suppress evidence seized during a traffic stop. Because there was a lack of founded suspicion to support the stop, we reverse the convictions.
Testimony at the suppression hearing revealed that the Hillsborough County Sheriffs Office received an anonymous telephone tip that an individual in a pickup truck was watching children play in an empty lot. The tip included the location of the lot, a description of the truck, and the license tag number. A deputy responded to the area and observed Martin parked on the side of the road in a vehicle matching the description given. Martin pulled the truck away from the roadside as the deputy approached. The deputy conducted a traffic stop based on a concern for the safety of the children. During the stop, cocaine and paraphernalia were discovered. The trial court denied the motion to suppress, finding that the deputy had a reasonable suspicion Martin had committed or was about to commit loitering or prowling, and that the tip was corroborated by the officer’s observations.[1]
*1155 To justify the stop in this case, the deputy must have had a founded suspicion that Martin had committed, was committing, or was about to commit a crime. Freeman v. State, 433 So.2d 9 (Fla. 2d DCA 1983). A founded suspicion is a suspicion that has factual foundation in the circumstances observed by the officer, when interpreted in light of the officer’s knowledge. State v. Beja, 451 So.2d 882 (Fla. 4th DCA 1984). A bare suspicion of illegal activity cannot support a stop. 433 So.2d at 10.
Neither the tip nor the deputy’s observations were sufficient to create a founded suspicion of criminal activity. Section 856.021(1), Florida Statutes (1993) makes it unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. Because there are situations in which law-abiding citizens would be parked in a vehicle watching children play, the trial court’s finding that Martin was loitering or prowling is without support. Although Martin’s driving away upon the deputy’s approach may have added to the suspicion, it was insufficient to elevate the bare suspicion to a founded suspicion of criminal activity. We therefore reverse the order denying suppression.
In light of this disposition, it is unnecessary to address Martin’s second issue on appeal.
Reversed.
THREADGILL, C.J., and RYDER and FULMER, JJ., concur.

. The trial court also found that Martin committed a misdemeanor, exposure of sexual organs, in the officer’s presence. Because this conduct took place after the stop, it is not relevant to a determination of the validity of the stop.