658 So.2d 1170 (1995)
Ronald BURNETTE, II, Appellant,
v.
STATE of Florida, Appellee.
No. 94-03359.
District Court of Appeal of Florida, Second District.
August 4, 1995.
James Marion Moorman, Public Defender, Bartow, and Karen Kinney, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Ronald Burnette has appealed from the denial of his motion to suppress, after which he pleaded no contest and was placed on probation for possession of cocaine. We reverse.
On the night of Burnette's arrest, Officer James Griffis of the St. Petersburg Police Department was, along with two other officers, focusing on a house on 14th Avenue, a location from which the police had made thirty or forty arrests in the past. A dealer who worked from that location, Johnny Lee Hall, was personally known to Officer Griffis. At about 10:45, watching with binoculars from a vantage point a half block away, Griffis observed Burnette pull up in a blue *1171 Chevrolet. Hall came out of the house, and Griffis saw Hall and Burnette engage in what he called a "hand-to-hand" transaction, although he did not actually see money or drugs change hands. Griffis then radioed ahead to two other officers, who stopped Burnette's car and found the cocaine.
Burnette has contended that we must reverse because the police never observed either money or drugs before stopping him. Although our court has indicated a reluctance to approve of a stop and search by an officer who has not actually seen the money or drugs exchange hands in this kind of drive-up situation, see Messer v. State, 609 So.2d 164 (Fla. 2d DCA 1992); State v. Clark, 605 So.2d 595 (Fla. 2d DCA 1992), other factors are important to our assessment of whether the stop is reasonable. Of significance are the officer's narcotics experience; the reputation of the location for drive-up transactions; the extended period of surveillance; and the history of previous multiple arrests from that site. In this case, all of these factors, together with the nature of the exchange between Burnette and a known dealer, gave rise to a reasonable suspicion in Officer Griffis that Burnette had engaged in illegal activity. See Walker v. State, 636 So.2d 583 (Fla. 2d DCA 1994); State v. Caicedo, 622 So.2d 149 (Fla. 3d DCA 1993). As in Clark, 605 So.2d at 596, Griffis "perceived a situation that justified an investigatory stop when measured by [his] training, experience, and knowledge."
The critical problem in this case, however, is that something more than the founded suspicion necessary to stop and investigate is needed to give rise to probable cause to arrest. The trial judge specifically stopped short of finding that probable cause to arrest existed, and from the record we cannot discern that it did. All we know is that Griffis radioed ahead and other officers arrested Burnette. We do not know that anything further occurred after the stop but before a search  for example, observation of the cocaine or confession by the defendant  that would give rise to probable cause for an arrest and incident search. We cannot find the search of Burnette or his vehicle supported by probable cause.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and QUINCE, J., concur.