707 So.2d 893 (1998)
Jahcel E. WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03014.
District Court of Appeal of Florida, Second District.
March 6, 1998.
*894 James Marion Moorman, Public Defender, Bartow, and Richard P. Albertine, Jr., Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
DEMERS, DAVID A., Associate Judge.
The appellant, Jahcel E. Wilson, challenges the trial court's judgment and sentence adjudicating him guilty of resisting arrest without violence and possession of cocaine. Appellant was sentenced to time served on resisting arrest without violence and to one year imprisonment for possession of cocaine. Appellant contends that the trial court erred in denying his motion to suppress. We agree with the appellant and therefore reverse and remand.
The record reflects that an officer witnessed the appellant approach three individuals in an area known for high drug activity. At the time, appellant was riding a bicycle in circles on a street corner next to a drug store. The officer then watched the appellant talk with the three individuals. Those people kept walking as if they did not want to talk to the appellant. When the officer approached the group, the appellant rode away. The officer asked the three what the appellant had asked them, to which they replied that the appellant had asked if they wanted "something." Based on this, the officer then approached appellant and asked him for his name. When the officer later determined that the appellant had given the wrong name, he placed the appellant under arrest for resisting arrest without violence. The ensuing search of appellant, incident to appellant's arrest, turned up cocaine.
Appellant filed a motion to suppress based on the fact that the officer did not have reasonable suspicion to stop him. The trial court denied the appellant's motion to suppress, which was found to be dispositive of both charges. Appellant filed a timely notice of appeal on the motion to suppress.
Florida's Stop and Frisk Law states that an officer may make an investigatory stop where the circumstances reasonably indicate that a person has committed or is about to commit a violation of the law. See § 901.151, Fla. Stat. (1995). The facts present in the instant case do not establish reasonable suspicion for an investigatory stop. There was nothing exchanged and the conduct was essentially innocent. See Hills v. State, 629 So.2d 152 (Fla. 1st DCA 1993).
In Hills the facts were more consistent with drug deals than in the case at bar. See Hills, 629 So.2d at 153. There the officers were in an area known for narcotics transactions. They noticed a car pull into a parking lot. Three males exited the vehicle and met a fourth person. The four men huddled for a short time. The fourth man opened his hand, palm up, and appeared to be showing the contents of his palms to the others. The men separated. The three men got back into the car and left while the fourth walked away. There was no testimony that an exchange had occurred.
The court found no reasonable suspicion and stated that while an exchange of money or contraband need not be observed before a permissible stop may be made, the lack of such a transaction is "demonstrative of the paucity of factual circumstances objectively demonstrating past, present or impending future criminal activity[.]" Hills, 629 So.2d at 155. The court went on to state that such behavior, which may be suspicious, but not criminal, is insufficient to establish a founded suspicion. See Hills, 629 So.2d at 156; see also Watson v. State, 636 So.2d 581 (Fla. 2d DCA 1994).
There are other examples of the court finding no reasonable suspicion where groups *895 of young men were observed gathering on the street late at night in high crime areas. See, e.g., M.J.S. v. State, 624 So.2d 359 (Fla. 2d DCA 1993); Hewlett v. State, 599 So.2d 757 (Fla. 2d DCA 1992); State v. Paul, 638 So.2d 537 (Fla. 5th DCA 1994). The fact that the officer in the instant case found out that the appellant allegedly asked the people in the group if they wanted something, adds nothing. It is an innocuous phrase, which has a variety of meanings. There is no evidence that it has any special significance "on the street." Further, we know nothing of the reliability or motives of the people in the group.
It is true that factors other than a hand to hand transaction are important in assessing whether the stop is reasonable. See Burnette v. State, 658 So.2d 1170 (Fla. 2d DCA 1995). Those factors include the reputation of the location of the transactions, the extended period of surveillance, and the history of previous multiple arrests from that sight. See Burnette, 658 So.2d at 1171. But Burnette does not apply here. In that case the officer had made thirty to forty arrests at the involved location and the suspect was previously known to the officer as a drug dealer. Additionally, the officer in Burnette testified that he observed a "hand-to-hand" transaction. None of these factors were present in the instant case.
Since the officer did not have reasonable suspicion to justify the stop of appellant, the arrest of appellant for resisting arrest without violence was in error since the officer was not in the lawful execution of any legal duty, as the statute requires. See § 843.02, Fla. Stat. (1995); S.G.K. v. State, 657 So.2d 1246 (Fla. 1st DCA 1995). Additionally, because the arrest of appellant was in error, the ensuing search, which eventually turned up cocaine, was unlawful and requires suppression. See State v. Anderson, 591 So.2d 611 (Fla.1992).
Reversed and remanded.
FRANK, A.C.J., and BLUE, J., concur.