CASANUEVA, Judge,
dissenting.
I respectfully dissent. Because I conclude the facts presented by the State did not rise to the level of probable cause pursuant to Walker v. State, 636 So.2d 583 (Fla. 2d DCA 1994), I would hold that the trial court erred in denying D.AH.’s motion to suppress. Moreover, applying the factors identified in Revels v. State, 666 So.2d 213, 216-217 (Fla. 2d DCA 1995), upon which the majority relies, to the totality of the facts and circumstances presented herein, I believe results in the identical determination.
*196 The majority has concluded the officer’s observations of D.A.H.’s three prior transactions coupled with the officer’s education, experience, and knowledge of the general area, but not of the specific location nor of D.A.H., meet the standard of probable cause. Probable cause to arrest a person exists “when the totality of the facts and circumstances within the officer’s knowledge would cause a reasonable person to believe that an offense has been committed and that the defendant is the one who committed it.” Id. at 215. See Blanco v. State, 452 So.2d 520 (Fla.1984); Shriner v. State, 386 So.2d 525, 528 (Fla.1980). Although the standard for probable cause is less than proof beyond a reasonable doubt, the standard must be met with more proof than conduct that is “at least equally consistent with non-criminal activity.” Angaran v. State, 681 So.2d 745, 746 (Fla. 2d DCA 1996). In comparison, founded suspicion is “suspicion that has factual foundation in the circumstances observed by the officer, when interpreted in light of the officer’s knowledge.” Martin v. State, 658 So.2d 1153 (Fla. 2d DCA 1995); Saadi v. State, 658 So.2d 112 (Fla. 2d DCA 1995). The State proves founded suspicion when it identifies specific and articulable facts which, coupled with rational inferences from those facts, reasonably indicate that criminal activity has occurred. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
In Doney v. State, 648 So.2d 799 (Fla. 4th DCA 1994), the Fourth District concluded that neither founded suspicion nor probable cause existed where a law enforcement officer observed a black male give something small with his thumb and forefinger to another, and, in return, receive paper currency. The court reached this determination despite the officer buttressing his observation with his conclusion that the observed behavior was a drug transaction. He based his conclusion upon his experience in over 1,000 drug arrests and his observation of at least 1,000 hand-to-hand exchanges. Our court, in comparison, has determined that an officer’s observation of a white powdery substance under a subject’s nose coupled with the officer’s training in narcotics identification and his field experience did constitute a founded reasonable suspicion of criminal activity. See State v. Wimbush, 668 So.2d 280, 282 (Fla. 2d DCA 1996). Similarly, we have held that an officer observing a black person leaning into the window of a white man’s car stopped in the middle of the street in a high crime district and accepting money from the white driver did provide grounds for a stop under Florida’s Stop and Frisk Law.[1] Winters v. State, 578 So.2d 5 (Fla. 2d DCA 1991). These facts did not, however, reach the level of probable cause. Id. at 7. Thus, such conduct observed by a officer coupled with his experience and current knowledge of the area that suggests to the officer the conduct was a drug transaction is generally determined to meet the founded suspicion standard, not probable cause.
These cases are consistent with Walker in which an experienced narcotics officer watched the defendant participate in two exchanges in an area known for drug sales. He observed the defendant exchange something, as in this case, and receive, as here, cash for it. As here, the officer’s experience led him to believe the exchange was a drug transaction. Under the totality of the circumstances, we determined that the officer possessed founded suspicion to stop, but that the facts did not give rise to probable cause. Id. at 584. Unlike Walker, the instant case presents no evidence that the intersection in question was known for drug sales although the officer had general information about the area nearby. Thus, this case lacks even the factual strength of Walker.
In comparing the case at bar to Revels, upon which the majority relies, there is no proof of ongoing or recent drug activity at the intersection where the officer first observed D.A.H. (Revels ’ third factor); nor was there proof of the officer’s prior knowledge of D.A.H.’s personal involvement with drugs (Revels’ fifth factor). The State did offer proof about the nature of the officer’s training and experience (Revels ’ first factor) and D.A.H.’s three earlier exchanges at the previous location in question (which, however, does not provide proof of recent drug sales at the location, Revels ’ fourth factor). *197 Therefore, I conclude that the facts do not meet the requisite standard for probable cause as determined by Walker, Doney, Wimbush, Winters, and Revels. These facts only provide founded suspicion. The trial court should have granted the motion to suppress.
For the foregoing reasons, I dissent.

. § 893.13(l)(f), Fla. Stat. (1987).